No. 24,595.

ELI G. FOSTER and CECIL L. WERTH, *Appellants*, v. THE CITY OF TOPEKA, *Appellee*.

SYLLABUS BY THE COURT.

INJUNCTION—*Restraining Passage of City Ordinance—Vacation of Alley—Demurrer to Petition.* The proceedings considered, and *held*, a demurrer to a petition praying for an injunction restraining passage of a city ordinance vacating an alley, was properly sustained.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 4, 1922. Affirmed.

*Charles S. Briggs*, and *W. R. Hazen*, both of Topeka, for the appellants.

*Ralph T. O'Neil, Hugh T. Fisher*, and *E. B. Smith*, all of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the city from passing an ordinance vacating an alley. A demurrer to the petition was sustained, and the plaintiffs appeal.

The alley privileges of the plaintiffs and the effect of the proposed ordinance are indicated by the sketch on following page.

Topeka avenue and Harrison street run north and south. Sixth street and Seventh street run east and west, and reach the principal business street of the city three blocks east of Harrison street. Topeka avenue is a boulevard, from which trucks, ice wagons, huckster wagons, and other delivery wagons are excluded. The lots designated on the plat by the name, "Bomgardner," are occupied by the Bomgardner funeral home. This establishment includes a sales-room for funeral and burial supplies, a morgue, and a chapel, and uses from four to six motor vehicles of various kinds, which enter the funeral home garage from the alley on the south. The Foster lots are occupied by apartment houses which front Topeka avenue,

and which are supplied with coal, ice, and deliveries generally, from the alley. The plaintiffs allege they purchased and improved their lots depending on continuation of the then-existing alley facilities. As indicated by the sketch, the elbow in the unvacated alley prevents a view of its entire length between Sixth and Seventh streets, a condition not affected, however, by the proposed vacation. The petition contained general allegations that passage of the ordinance

would deprive the plaintiffs of vested rights to alley privileges, would unduly restrict their alley privileges, would depreciate the value of their property, and would congest traffic in the unvacated alley to an extent rendering it inadequate for public and private use and making such use dangerous. The petition to the mayor and council requesting passage of the ordinance was signed on behalf of the Methodist church, and by Bomgardner and Wallace, and the plaintiffs allege the city lacks corporate power to respond to the request.

The city has been empowered by the legislature to vacate streets and alleys. When exercising this power, the city acts in a legis-

Foster v. City of Topeka.

lative capacity, and the judicial department of the government was not instituted to forbid in advance action by the legislative department. Should the city pass an unauthorized or oppressive ordinance, the courts may deal with consequences to property owners, but they may not sit in judgment on proposed legislation before enactment. There are some exceptions to this rule. If mere passage of an ordinance would necessarily produce instant harmful results beyond the power of equity to redress, legislative action might be restrained. (*Duggan v. Emporia,* 84 Kan. 429, 439, 114 Pac. 235.) In this instance the plaintiffs would be able to protect themselves should the ordinance be passed.

The city has announced its purpose to pass the ordinance, and the parties have argued and submitted the case on its merits. To obviate the necessity of commencing another action, the court has considered the case on its merits, and what follows may be regarded as essentially declaratory.

The plaintiffs assert the ordinance is designed, not to accomplish a public purpose, but to confer a private benefit. The plaintiffs are not guardians of the public welfare. The state corrects abuses of corporate power, and unless the plaintiffs disclose a special private interest, distinct from that of members of the general public, they may not interfere.

The plaintiffs could not create for themselves vested interests in maintenance of public ways beyond this: that they have reasonable means of ingress to and egress from their lots; and no closing of ways produces special private injury of which equity takes note until ingress and egress are unreasonably impaired.

In this instance the plaintiffs complain because there will be but two ways of getting to and from the rear of their premises, instead of three. The general allegations of the petition are in the nature of conclusions which are controlled by the facts alleged, and the facts disclose no more than the cutting off of a convenience.

The judgment of the district court is affirmed.

Marshall, J., not sitting.