No. 28,753.

Edgar W. Bratton, *Appellee*, v. The Exchange State Bank, *Appellant*.

(281 Pac. 857.)

Opinion filed November 11, 1929.

*Ralph U. Pfouts*, of Atchison, for the appellant.
*A. C. Wilson*, of Oskaloosa, for the appellee.

The opinion of the court was delivered by

Marshall, J.: Edgar W. Bratton and Kathryn Bratton sued the Exchange State Bank to recover damages for the malicious prosecution of a real-estate mortgage foreclosure action against them in Atchison county. Judgment was rendered in favor of Edgar W. Bratton, and the bank appeals.

The facts out of which the present action arose are as follows: On August 6, 1924, the Brattons executed a promissory note to the Exchange State Bank for the sum of $1,860, due in one year, with interest at the rate of eight per cent per annum, payable semi-annually, February 5 and August 5, 1925. To secure the payment of the note they gave a mortgage on real property owned by Edgar

W. Bratton in Atchison county. An extension of the time of payment of the first installment of interest was made until April 6, 1925. That interest was then paid by Edgar W. Bratton. In May, 1925, the bank placed the note and mortgage in the hands of its attorney with instructions to give it his attention. He caused copies of the note and mortgage to be made by his stenographer and returned the originals to the Exchange State Bank. The original note showed that the interest due on February 6, 1925, had been paid in April. The stenographer in copying the note failed to copy the indorsement showing the payment of interest. The attorney soon thereafter commenced an action to foreclose the mortgage and in the petition in that action alleged that the note was past due and wholly unpaid. A purported copy of the note was attached to the petition. The copy as set out in the abstract does not show any payment of interest. The Brattons filed an answer in which they denied the allegations of the petition and alleged that they were not indebted to the bank on the principal or interest shown by the note. Edgar W. Bratton then called the attention of the officers of the bank and of its attorney to the fact that the interest due in February had been paid. That resulted in an amended and supplemental petition being filed on August 3, 1925, in which the bank alleged that the copy of the note and mortgage attached to the original petition were true copies, and then alleged that the last half taxes on the land for the year 1924 had not been paid on June 20, 1925, and under the provisions of the mortgage, it was subject to foreclosure for nonpayment of taxes. The first half of the taxes for 1924 had been paid on December 7, 1924, and the last half of those taxes had been paid on June 20, 1925. On October 17, 1925, the bank obtained leave to file a second amended and supplemental petition in the action to foreclose the mortgage, then filed such amended and supplemental petition, and alleged that the copies of the note and mortgage attached to the original petition were true copies; that the last half of the taxes for the year 1924 had not been paid on June 20, 1925; that the mortgage became due on August 6, 1925; and that no part of the note had been paid. To the second amended and supplemental petition the Brattons filed a motion to dismiss for the reason that the action had been prematurely brought. The record does not show that the motion was ever called to the attention of the court; there is no record of any action on it. The Brattons then answered and alleged that the interest due February 6, 1925, had been paid on April 9, 1925; that the last half of the taxes

for the year 1924 had been paid by the Brattons when the taxes became due and were made payable according to law. To that answer the bank replied by denying the allegations contained in the answer. The bank filed a motion for judgment in its favor on its last amended and supplemental petition and the pleadings. Judgment was rendered on that motion in favor of the bank and foreclosing the mortgage. There was no appeal from that judgment. The land was thereafter sold and was bought in by the bank.

The evidence in the present action tended to prove that the foreclosure action had so injured the credit of the Brattons that they could not borrow money; that they had, before the foreclosure action was commenced, made arrangements to borrow money with which to pay the mortgage held by the bank; and that the credit and social standing of the Brattons was injured by the commencement and prosecution of the foreclosure action. The record in that action was introduced in evidence in the present action by the Brattons. The bank demurred to the evidence of the Brattons. That demurrer was sustained as to Kathryn Bratton and overruled as to Edgar W. Bratton. The bank requested that the jury be instructed to return a verdict in its favor. That instruction was not given.

■ Can the Brattons maintain an action for damages for the malicious prosecution of the foreclosure action because it was prosecuted without probable cause and with malicious motives? This question is not argued by the bank, but it is embraced within its demurrer to the evidence of the plaintiffs and in its request that the court instruct the jury to return a verdict in favor of the bank. There are authorities which hold that such an action cannot be maintained, but this state is committed to the other rule.

In *Marbourg v. Smith*, 11 Kan. 554, an action to recover damages for the malicious prosecution of an action for slander, this court said:

"An action for malicious prosecution may be maintained in any case where a malicious prosecution, without probable cause, has in fact been had and terminated, and the defendant in such prosecution has sustained damage over and above his taxable costs in the case." (Syl. ¶ 6.)

"In an action for malicious prosecution we suppose that the plaintiff must allege and prove that he has been prosecuted by the defendant; that the prosecution was malicious; that it was instituted without probable cause; that the prosecution has terminated in his favor; and that he has sustained damage. But it is not necessary that there should have been a trial upon the merits of the alleged malicious prosecution. If the action has been dismissed, as in

this case, that is sufficient, if the action has not been commenced again." (p. 562.)

In *Investment Co. v. Burdick,* 67 Kan. 329, 337, 72 Pac. 781, it was declared that—

"In this state, contrary to the rule in many jurisdictions, an action may be maintained for the 'malicious prosecution of a civil action' where the defendant in such prosecution alleges and shows that he has sustained any damage over and above the taxable costs in the case."

In *Tire Co. v. Kirk,* 102 Kan. 418, 421, 170 Pac. 811, the following language is found:

"Damages are sometimes recoverable for the malicious prosecution of an ordinary civil action, even where there has been no arrest, attachment, or other special interference with person or property."

In *Walker v. Smay,* 108 Kan. 496, 196 Pac. 231, we read that—

"To recover damages for the malicious prosecution of a civil suit plaintiff must allege and prove not only that the defendant was actuated by malice in commencing the prosecution, but also that it was instituted without probable cause."

■ The bank contends that "the controlling issues of the malicious prosecution action now appealed from were fully and finally adjudicated in the district court of Atchison county." The bank also contends that because it recovered judgment in the foreclosure action the Brattons cannot successfully prosecute an action against it for the malicious prosecution of the foreclosure action. The judgment in that action did not determine that a cause of action existed in favor of the bank at the time that action was commenced, nor at the time the first amended and supplemental petition was filed. Whatever adjudication there was on those questions was in favor of the Brattons.

That which will constitute a sufficient termination of a criminal action to lay the foundation for an action for malicious prosecution should likewise be sufficient termination of a civil action to lay the foundation for an action for damages for its malicious prosecution.

In *Buchanan v. Insurance Co.,* 108 Kan. 520, 196 Pac. 249, this court said:

"The prosecution must be terminated before an action for malicious prosecution can be maintained, but a dismissal of the prosecution and the final discharge of the defendant satisfies the requirements of the law as to the termination of the prosecution."

When the bank filed its first amended and supplemental petition in the foreclosure action it in effect abandoned the cause of action

set out in its original petition; when it filed its second amended and supplemental petition it in effect abandoned the cause of action alleged in its first amended and supplemental petition; and when it asked for judgment on its second amended and supplemental petition and the pleadings it again abandoned the cause of action set out in its original petition and abandoned the cause of action set out in its first amended and supplemental petition. The result as to those causes of action was the same as if the action had been dismissed as to them and a new action had been commenced. For that reason the action as to those causes of action had terminated in favor of the Brattons.

■ Embraced within the demurrer of the bank to the evidence of the Brattons and in the request of the bank to instruct the jury to return a verdict in its favor is the question of the sufficiency of the evidence to show malice on the part of the bank in commencing the foreclosure action and want of probable cause to justify the commencement of that action.

In *Malone v. Murphy*, 2 Kan. 250, this court said:

" 'Malice' and 'want of probable cause' are both necessary to sustain an action for malicious prosecution, and both must be sustained by affirmative proof found from the testimony as facts. The jury may infer malice from want of probable cause, but they are not bound so to infer it. A charge to the jury in such case, that malice was implied from want of probable cause, held erroneous." (Syl. ¶ 3.)

In 38 C. J. 425 it is said:

"The rule is well settled that the jury may infer malice from want of probable cause."

Decisions from England, the United States supreme court, and forty-three of the states of the American Union, are cited in C. J. to support that rule.

Soon after the foreclosure action was commenced the Brattons called the bank's attention to the fact that nothing was due on the note. The bank referred the Brattons to its attorney. He, in substance, said, "Pay the note and we will dismiss; and if you do not pay the note we will file a supplemental petition alleging that the taxes are not paid." That tended to show a willful disregard of the rights of the Brattons and was evidence of a determination to harass them.

There was nothing due on the note when the foreclosure action was commenced. The jury was justified in finding malice from the fact that when the attention of the bank and of its attorney had

been called to that condition the attorney for the bank filed the first amended and supplemental petition, in which it was alleged that the taxes had not been paid, when in truth and in fact they had been paid. That could have been ascertained by an examination of the records in the county treasurer's office. Such an examination should have been made before the allegation was set out in the amended and supplemental petition.

■ It is contended that the foreclosure action was commenced by the bank on the advice of its attorney after full disclosure of all the facts. The bank requested an instruction upon that proposition, but that instruction was not given. Another instruction was given which correctly stated the law concerning the advice of counsel in bringing the action. For that reason it was not error to refuse to give the instruction requested.

■ The bank contends that Edgar W. Bratton should not be permitted to prosecute this action because he consented to the filing of the first amended and supplemental petition and answered the second amended and supplemental petition. The bank argues that the premature commencement of an action is not a jurisdictional matter, and that errors committed therein can only be corrected on appeal. It may be conceded that the premature commencement of an action is not jurisdictional, but it does affect the right of the plaintiff to recover therein. When the foreclosure action was commenced no cause of action whatever existed in favor of the bank. The same thing was true when the first amended and supplemental petition was filed. No cause of action existed until the note became due, but that did not affect the jurisdiction of the court. The conduct of Edgar W. Bratton in the foreclosure action is no excuse whatever for the bank commencing the action at the time it was commenced.

Complaint is made of instructions given by the court. They did not follow the bank's theory concerning this action; they followed Bratton's theory. It is not necessary to discuss this matter further because the principles of law embraced in the instructions of which the bank complains have been discussed and determined in this opinion contrary to its contention.

The bank's demurrer to the evidence of the Brattons was properly overruled as to Edgar W. Bratton, and there was no reversible error in the instructions to the jury.

The judgment is affirmed.

BURCH, J., dissenting.