William R. BOYER et al., Plaintiffs,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, Defendant.**

Civ. A. No. W-3144.

United States District Court
D. Kansas.

March 8, 1966.

Kenneth Nohe, Kidwell, Ball, Greene & Nohe, Wichita, Kan., for plaintiffs.

Emmet Blaes, Jochems Sargent & Blaes, Wichita, Kan., for defendant.

**WESLEY E. BROWN, District Judge.**

This civil matter was argued to the court on defendant's motion to summary judgment [DOC #10]. After oral arguments, however, plaintiffs' counsel informed the court by letter of February 10, 1966 that the court may consider the case as being submitted to the court "on the merits" for a final determination. The case will therefore be decided on the basis of the transcripts of the various pretrial hearings, hearings on defendant's motion, the pretrial order, the stipulated facts, and exhibits submitted to the court.

The parties have presented some seven pages of stipulated facts to the court, which will not be set forth here in any detail. The stipulations [DOC #22] are approved and adopted by the court and will be referenced herein only for purposes of clarification.

The basic or central issue on the merits of this case is whether defendant should be enjoined from classifying sewer and drain cleaners under the general heading of "Plumbing" in its classified directory [commonly referred to as the "yellow pages"]. [See Pretrial Order ¶ 7, DOC #23]. Plaintiffs have no evidence tending to show that the changes in the classified headings which "triggered" the filing of this lawsuit were the result of or were motivated by, any illwill, malice, spite, desire to harm, or other evil intent on the part of defendant or any of its agents or employees against plaintiffs, either individually or as a group or against the class they claim to represent. [Stipulation, ¶ 19].

Plaintiffs contended at oral argument that they have received roughly ten complaints over a year's period of time from people claiming to have been confused by the current listings. Defendant agreed that plaintiffs' evidence would tend to support such a statement; therefore we take it the parties have now stipulated to the existence of such fact.

Plaintiffs are all master plumbers who complain about a heading or sub-heading in the 1964 yellow pages entitled "Plumbing—Drain & Sewer Cleaning." It is admitted that some persons or firms listed thereunder are not master plumbers.

Plaintiffs in this class action represent all licensed and bonded master plumbers in greater Wichita and seek by such device to protect the "public." They claim the classification heading will mislead and misinform the public and lead and cause the public to believe that sewer and drain cleaners listed under the heading in question are master plumbers. Plaintiffs also contend defendant has a duty "to the public" to reasonably classify the yellow page headings.

Plaintiffs further contend that they [master plumbers] are irreparably damaged by the classification and that the public is misled to its detriment.

Defendant contends generally as follows:

(a) that plaintiffs have no standing to seek an injunction against a public utility to protect "the public" or to enforce "public rights."

(b) that plaintiffs are bound by their subscription contracts with defendant which reserved to defendant the right to classify the yellow pages as necessary to serve the purposes of the directory.

(c) that the classification is reasonable and therefore the public could not be misled or confused to its detriment.

█ █ It is well settled in Kansas that private persons cannot seek by injunction to protect the rights of the public. It has been the law of Kansas since at least 1881 that an injunction for the protection of interests of the entire public can be granted only at the instance of the proper public officer. E. g., Reno Coun-

ty Sch. Dist. No. 1 v. Shadduck, 25 Kan. 467 (1881).

And it is clear from plaintiffs' state court petition in this removed action that they seek to enforce public rights. They allege that the current classification will mislead and confuse the public to its detriment and describe defendant's duty to reasonably classify as one owed "to the public." Thus the "duty" allegedly breached which this suit seeks to enforce is one owed the public. We hold that any suit seeking to protect such "public rights" should be brought *ex rel.* by a proper public official.

The subscription contracts by which these plaintiffs or the corporations or companies for which they work purchased space in the yellow pages are collected as Defendant's Exhibits J and K. The conditions of the contract state that an applicant warrants that he is authorized to engage in the profession described in the designated classifications. Defendant makes no attempt to "police" this warranty.

The contracts also provide that defendant "reserves the right to make changes in yellow pages headings which, in its judgment, will best serve the purposes of the directory." [Def. Exhibits J, K ¶ 5].

It seems to us that so long as defendant's classification is done reasonably and without malice or illwill or as a result of arbitrary or capricious action, plaintiffs are precluded by their contracts from asserting their claims against defendant.

This leads to defendant's third contention [namely that the classifications are reasonable in any event], since plaintiffs stipulate that they have no evidence of malice or illwill.

Plaintiffs rely on some letters between defendant and attorneys for a "roto rooter" service in which roto-rooter sought to be listed under the heading of "Plumbing Contractors" in the yellow pages. Defendant refused on the basis that the roto-rooter people were not plumbing contractors. [See Defendant's Exhibits F, G, H, I].

Plaintiffs' reliance on these exhibits is misplaced. The heading at issue here is "Plumbing—Drain & Sewer Cleaning." And plaintiffs admitted at oral arguments that this case is at least one step removed from a "Plumbing Contractors" heading.

Defendant's Exhibit M is a study or survey of consumer use of plumbing-oriented classification headings in the yellow pages, conducted by Prof. Sidney Feldman of the University of Kansas School of Business. The survey covered 1199 "respondents" in Emporia, Hutchinson, Independence, Topeka and Wichita. 564 respondents were contacted in Wichita. [47% of total sample]. The survey indicates that of 564 persons contacted in Wichita, 473 or 83.9% would use the yellow pages to locate a phone number of a firm to solve a stopped up drain or sewer problem. [Def. Exhibit M, p. 12].

937 persons were asked "What listing or classification in the yellow pages would you turn to?" 74% of those asked the question replied with a classification beginning with the letters "Plumb." [54% of the 74% would go to "plumber," 43% to "Plumbing" and 2% to "Plumbing and Heating."]

About 15.5% of the 937 quizzed would look to headings beginning with the letters "Sew." [66% of the 15.5% would go to "Sewer," 14% to "Sewer Service," and 12% to "Sewage."] [Def. Exhibit M, p. 15]

When the problem was described as a "stopped up drain" as opposed to sewer, 81.6% of the respondents in that question group would turn to "P" classifications and 8.7% to "S" headings. [Def. Exhibit M, p. 16]

Broken down to Wichita samplings, 71% would go to "P" headings and 19% would go to "S" headings for assistance with a stopped up drain or sewer problem.

Further, defendant's classification seems to comport to the headings utilized

by the local newspaper in its classified advertising "Quick Action Services." Def. Exhibit O indicates that sewer cleaners or sewer cleaning services are listed under "Plumbing."

Deft. Exhibit N is a compilation from yellow pages sections of directories from several states scattered around the country indicating use of a heading similar to the one at bar.

From the foregoing we are forced to conclude that in any event the classification at bar is not unreasonable and that the public will not be materially confused or misled thereby. The ten complaints received by plaintiffs in a year's time is, in our opinion, de minimis and does not establish a confusing or misleading of the public to its detriment. Plaintiffs have likewise failed to maintain their burden to show damage to themselves individually or as a class.

Judgment will be entered for defendant; prevailing counsel shall prepare, circulate and submit an appropriate judgment.

The foregoing Memorandum contains the mixed conclusions of fact and law thought by the court to be necessary and adequate under Fed.R.Civ.P. 52.