No. 47,581

Ruby M. Stripling, *Appellant & Cross-Appellee*, v. Star Lumber
& Supply Co., Inc., *Appellee & Cross-Appellant.*

(532 P. 2d 1101)

Opinion filed March 1, 1975.

*Paul L. Thomas*, of Arvin, Arvin, Busey and Thomas, Chartered, of Wichita,
argued the cause and was on the brief for the appellant and cross-appellee.

*Orlin L. Wagner*, of Wichita, argued the cause and was on the brief for the
appellee and cross-appellant.

The opinion of the court was delivered by

Foth, C.: The issue in this appeal is whether the trial court's
rendition of summary judgment was premature. Both parties con-
tend that it was, and we agree.

Plaintiff, Ruby M. Stripling, brought this action against the Star
Lumber & Supply Co., Inc., alleging that it had defrauded her of
$1,350. She prayed for that amount in actual damages and also for
$20,000 in exemplary damages. Her allegations, in substance, were
as follows:

In the summer of 1973 she wished to add a room to her residence.
On defendant's recommendation she employed one Lloyd Coble to
do the work, at an estimated cost of $800 for material and $550 for
labor. She financed the project through a bank loan, securing one
cashier's check payable to herself and the lumber company for $800,
and another to herself and Coble for $500. When the lumber
company delivered a load of lumber and material to her home she
endorsed and delivered to its agent the $800 check. The delivery

invoice did not carry price extensions. Later, when the work was done, she gave Coble the $500 check plus her personal check for $50 for the balance of the contract price.

The fraud she alleged was this: the lumber and materials delivered were worth only $200 or so; agents of the company knew this, but were engaged in a conspiracy with Coble to defraud her; it cashed the $800 check and paid over the excess $600 to Coble without her knowledge. Further, Coble was a poor workman and had a poor reputation in the construction industry, which the company knew and concealed from her. The job, for which she paid $1,350, was worthless.

Before answering defendant took plaintiff's deposition. In it she admitted that the defendant company had not actually recommended Coble to her, nor had it given her any cost estimates. She did not claim that the company employed Coble or that it guaranteed his work.

In its answer the defendant denied all. By way of counterclaim it asserted that all of plaintiff's allegations of conspiracy and fraud were not only false, but known by plaintiff to be false when she filed suit. The suit was malicious, it said, and it was therefore entitled to $1,000 in actual and $25,000 in exemplary damages.

Plaintiff, by her reply, denied the defendant's claim that any of her allegations were known to her to be false or that she sued maliciously.

A pre-trial conference was held, and a pre-trial order was entered in which defendant stipulated that the material it delivered had a value of only $234.92, that it received and cashed plaintiff's cashier's check for $800, and that it remitted $565.08 to Coble.

At this point defendant filed a motion for summary judgment, aimed solely at plaintiff's claim for exemplary damages.

Insofar as the record shows, defendant's admission that it received plaintiff's money and paid the bulk of it to Coble, plus plaintiff's admission that she hired Coble on her own, were the only undisputed facts before the trial court when it acted on defendant's motion for summary judgment. It nevertheless granted summary judgment on all claims, giving plaintiff $565.08 actual damages, denying her claim for exemplary damages, and denying defendant's counterclaim for both actual and exemplary damages.

Both parties have appealed. Plaintiff claims that the amount of her actual damages is a disputed fact, and that she has a right to have a jury consider her claim for exemplary damages. Defendant

contends that, while the court correctly determined plaintiff's *exemplary* damage claim, it erred in granting her actual damages and in denying its own claim for actual and exemplary damages.

Under the statute (K. S. A. 60-256 [c]) summary judgment is proper only if "there is no genuine issue as to any material fact." We have recently reiterated that "In considering a motion for summary judgment, the court should not attempt to determine factual issues, but should search the record to determine whether factual issues do exist." (*Ebert v. Mussett*, 214 Kan. 62, 65, 519 P. 2d 687.)

In this case the pre-trial order listed the following issues of fact remaining to be determined:

"1. Did the defendant have any knowledge of one Lloyd Coble?

"2. If so, what was the nature and extent of that knowledge?

"3. The nature of the agreement, if any, between Robert Lies [defendant's agent] and Lloyd Coble?

"4. Was there any intent on the part of the defendant to defraud the plaintiff?

"5. Was there any agreement between plaintiff and defendant for payment of any sum of money?

"6. What amount of actual damages, if any, is plaintiff entitled to recover from defendant?

"7. What is the amount of punitive damages, if any, plaintiff is entitled to recover?

"8. What is the amount of actual damages, if any, defendant is entitled to recover?

"9. What is the amount of punitive damages, if any, defendant is entitled to recover?"

As may be seen, the unresolved questions of fact encompassed the existence of a fraudulent conspiracy, and defendant's participation; the amount of plaintiff's actual damages, and her right to exemplary damages; and defendant's actual damages and its right to exemplary damages. Whether plaintiff knowingly and maliciously brought a false suit would be included in this last issue.

We are simply unable to see where, in the record presented to this court, any of these issues are resolved beyond dispute. It is admitted that defendant took plaintiff's $800 and paid $565.08 to Coble. No explanation of this transaction appears in the record. If, as plaintiff claims, this was pursuant to a conspiracy to defraud her, she is entitled to go to a jury on exemplary damages. (*Dicker v. Smith*, 215 Kan. 212, 523 P. 2d 371, and cases cited therein.) Neither is it clear that her actual damages are limited to the extra $565.08 that found its way into the hands of Coble. If there was

a conspiracy, it may have been aimed at bilking her of the entire $1,350, giving her nothing or virtually nothing in return.

On the other side, there is nothing in the record bearing one way or the other on the state of plaintiff's knowledge when she sued, or the presence or absence of malice on her part. If defendant can show that plaintiff commenced her suit maliciously and without probable cause it has a submissible case of malicious prosecution. (*Ahring v. White*, 156 Kan. 60, 131 P. 2d 699; *Bratton v. Exchange State Bank*, 129 Kan. 82, 281 Pac. 857.) Defendant claims to be able to carry the day on these issues, and there is nothing in the record to refute its claim.

In short, it appears from the record that the case was not ripe for summary judgment. That procedure is a valuable tool for terminating a lawsuit when its outcome is foreordained, but cannot be used to deprive parties of a trial on genuinely disputed issues of fact. There appear to be such issues here, and the summary judgment cannot stand.

The judgment is reversed and the case is remanded for further proceedings.

APPROVED BY THE COURT.