(562 P.2d 98)
No. 48,324

RODGER E. WINTERS, INDIVIDUALLY AND FOR ALL OTHERS SIMILARLY SITUATED, *Appellants*, v. KANSAS HOSPITAL SERVICE ASSOCIATION, INC., a/k/a BLUE CROSS, STORMONT-VAIL HOSPITAL, ST. FRANCIS HOSPITAL, and DOES 1 through 167, *Appellees*.

Opinion filed March 4, 1977.

*Fred W. Phelps, Chartered,* of Topeka, and *Arnold Levin,* of Adler, Barish, Daniels, Levin and Creskoff, of Philadelphia, Pa., for appellants.

*Arthur E. Palmer* and *Harold S. Youngentob,* of Goodell, Casey, Briman & Cogswell, of Topeka, for appellees, Kansas Hospital Service Association, Inc. and Stormont-Vail Hospital.

*William R. Brady,* of Topeka, for appellee, St. Francis Hospital.

REES, J.: This is an action for recovery of payments, treble damages, injunctive relief, and attorney fees under the Kansas antitrust laws (K.S.A. 50-101 *et seq.*), and for declaratory judgment. The amended petition alleges that the claims are asserted by the named plaintiff, Winters, individually and as representative of a purported class. This is an appeal from trial court denial of certification as a class action and entry of summary judgment in favor of defendants.

Defendants Stormont-Vail Hospital, St. Francis Hospital and 167 other Kansas hospitals have contracted with defendant Kansas Hospital Service Association, Inc., commonly known as Kan-

sas Blue Cross and hereafter referred to as Blue Cross, to furnish hospital services to Blue Cross subscribers. The claims against the defendants are founded upon the form contract executed by Blue Cross and each of the 169 hospitals.

Section IV of the contract contains provisions with regard to a payment formula. It is provided that:

"It is the intent of the payment formula for Blue Cross to pay hospital charges or costs, whichever are lower.

"Blue Cross will pay to the Hospital its covered charges pending determination of cost. At the close of the Hospital's fiscal year and annually thereafter a retroactive adjustment, if any, will be determined. . . .

. . . .

"Member Hospitals will be paid 100% of billed charges for covered services pending determination of the retroactive adjustment, if any, resulting from the application of this payment formula."

At the end of and with regard to each annual accounting period the hospital submits to Blue Cross statements of its operating expenses and income. If during the last two accounting periods the average annual operating income exceeds the average annual operating expense, retroactive adjustment is to be made. The retroactive adjustment is computed and made so as to reimburse Blue Cross the amount by which charges paid have exceeded cost. The result is that for those years when the hospital's operating income exceeds its costs, Blue Cross pays only the cost of the services furnished to its subscribers.

Winters refers to Section IV of the contract as a "kickback clause." We will refer to it as the retroactive adjustment clause. In his amended petition, arguments to the trial court and brief on appeal, Winters attacked the contract solely on the basis of the retroactive adjustment clause. As did the trial court, we consider the contract only with regard to that clause.

Winters claims that he incurred a $43.30 bill with St. Francis Hospital for services furnished in September 1972 and a $259.50 bill with Stormont-Vail Hospital for services furnished January 1, 1973 and June 21, 1973. He was not a Blue Cross subscriber. It is claimed that by reason of the retroactive adjustment clause, his bill for hospital services represents artificially higher prices than those charged Blue Cross for services furnished to its subscribers. He alleges that over the ten-year period preceding the commencement of this action the 169 hospitals subjected their patients who were not Blue Cross subscribers to charges of

$500,000,000 for goods and services. The contracts between Blue Cross and the hospitals are claimed to be in restraint of trade under K.S.A. 50-101 and K.S.A. 50-112.

Winters, on behalf of himself and his purported class which allegedly consists of approximately one million persons, seeks recovery under K.S.A. 50-115 of the $500,000,000 or such amount as would be shown by an accounting to have been paid by him and all other non-Blue Cross subscribers within the ten-year period. Recovery is sought under K.S.A. 50-801 for damages in treble that amount, or $1,500,000,000, and for attorney fees. It also is asked that pursuant to K.S.A. 60-1701 declaratory judgment be entered determining that the retroactive adjustment clause is in violation of K.S.A. 50-101 and K.S.A. 50-112 and that under the authority granted by K.S.A. 50-801, the defendants be enjoined from implementation of the clause.

We exclude certain issues from consideration. Among these are the question of recovery under K.S.A. 50-115 for services; the question of the calculation made in the amended petition concerning the amount of treble damages sought under K.S.A. 50-801; and the question of limitations.

In the trial court, Winters moved for certification as a class action under K.S.A. 60-223 and defendants moved for denial. Certification was denied. The named defendants then moved for and were granted summary judgment on all claims.

When each of the two sets of motions was presented to the trial court, there had been no discovery. The defendants had filed answers denying the material allegations of the petition and alleging affirmative defenses. In addition, defendants had filed affidavits including one by a Blue Cross officer which stated that Blue Cross had neither requested nor received retroactive adjustment under its contract with St. Francis Hospital during the years 1960 through 1973 or under its contract with Stormont-Vail Hospital during the fiscal years commencing October 1, 1964 and ending September 30, 1973. The amended petition was filed on February 25, 1974. The motion for denial of class action certification was filed April 8, 1974. Plaintiff's motion for class action certification was filed November 25, 1974. The class action certification motions were ruled on by the court on October 15, 1975 upon arguments of counsel, briefs, the pleadings and affidavits filed by defendants. The record reflects that Winters

conducted no discovery and filed no counter-affidavits. The class certification motions were heard upon the then existing record without objection by Winters.

Prior to and at the hearing on the motions for summary judgment, Winters neither responded to nor contested a statement of uncontroverted facts submitted by defendants, and his counsel announced to the court that he had nothing further to submit. By reason thereof, Winters is held to have stipulated (1) to the facts stated in the Blue Cross officer's affidavit and (2) that he does not allege that retroactive adjustment was ever made by *any* of the defendant hospitals for the years in which he was furnished hospital services.

The rule that summary judgment should not be granted where discovery remains unfinished, stated in *Brick v. City of Wichita,* 195 Kan. 206, 403 P.2d 964, and later cases, is not applicable here. The court is not to determine disputed facts. (*Ebert v. Mussett,* 214 Kan. 62, 519 P.2d 687; *Stripling v. Star Lumber & Supply Co., Inc.,* 216 Kan. 507, 532 P.2d 1101.) However, the non-moving party cannot rely solely upon the allegations in his pleadings but rather he must come forward with something of evidentiary value to support his position. (*Stovall v. Harms,* 214 Kan. 835, 522 P.2d 353.)

In this case the crucial issue underlying the trial court's rulings and our decision is whether Winters individually has standing to assert the alleged claims for relief.

If Winters has no individual claim, he has no standing to prosecute this matter as a class action.

K.S.A. 60-223, like Rule 23, Fed. R. Civ. P., is a procedural statute. It creates no substantive rights. (See *Weiner v. Bank of King of Prussia,* 358 F.Supp. 684 (E.D. Pa. 1973).)

In *Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727 (3rd Cir. 1970), *cert. denied,* 401 U.S. 974, 28 L.Ed.2d 323, 91 S.Ct. 1190 (1971), it is succinctly stated that:

". . .[A] predicate to appellee's right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class." (p. 734)

K.S.A. 60-223(*a*) requires that the named or individual party prosecuting suit as the representative of a class must be a *member* of that class. If Winters has no individual claim, then he lacks standing to represent the class even though the other class

members may have claims. The rule is stated in *Schlesinger v. Reservists to Stop the War,* 418 U.S. 208, 41 L.Ed.2d 706, 94 S.Ct. 2925 (1974), as follows:

"To have standing to sue as a class representative it is essential that a plaintiff must be part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents. . . ." (418 U.S. at 216)

A plaintiff simply may not represent a class of which he is not a member. *Bailey v. Patterson* , 369 U.S. 31, 7 L.Ed.2d 512, 82 S.Ct. 549 (1962); *Hall v. Beals,* 396 U.S. 45, 24 L.Ed.2d 214, 90 S.Ct. 200 (1969).

From the record before us, we must conclude that there were no retroactive adjustments made by Blue Cross and the defendant hospitals for the fiscal years during which Winters incurred his bills for hospital services, and therefore, also conclude that artificially higher charges were not imposed upon him and he has sustained no damage. Having sustained no damage, there is no basis upon which he is entitled to recover payment under K.S.A. 50-115 or to treble damages and attorney fees under K.S.A. 50-801.

Assuming for the sake of argument that retroactive adjustments under the contracts would constitute violations of the Kansas antitrust laws, what is the threat of injury to Winters? The threat to Winters is contingent upon the concurrence of four events. First, Winters will require hospital services, a fact upon which there is no evidentiary showing of probability. Second, Winters will be furnished hospital services by a Blue Cross member hospital. Third, Winters will not be a Blue Cross subscriber at the time of hospitalization. Fourth, the Blue Cross member hospital will make a retroactive adjustment for the fiscal year during which Winters is hospitalized. Quite simply, the record affords no basis to conclude that the probability of the concurrence of these events is anything other than remote and a matter of speculation. Further, the record is devoid of evidence to support a conclusion that implementation of the retroactive adjustment clause is probable. On the contrary, the experience of Blue Cross for the preceding ten years lends support to the inference that implementation of the retroactive adjustment clause is not probable. We hold that the threat of injury to Winters is too remote and speculative to give rise to an actionable claim.

*Zenith Corp. v. Hazeltine*, 395 U.S. 100, 23 L.Ed.2d 129, 89 S.Ct. 1562 (1969), a Clayton Act case, is a representative case cited by Winters for the proposition that a party seeking injunctive relief need not suffer actual injury but needs only to show that there exists a significant threat of injury from impending antitrust violations or from contemporary antitrust violations likely to continue or recur. The "significant threat" test of *Zenith* is not met for the reason that the probability of injury to Winters is remote and speculative.

With respect to threat of injury from violations of K.S.A. 50-101, *et seq.*, by defendants, Winters' status is no different than that of the public at large. A plaintiff must have a special private interest distinct from that of the public at large. (*Watson v. City of Topeka*, 194 Kan. 585, 400 P.2d 689; *Foster v. City of Topeka*, 112 Kan. 253, 210 Pac. 341.) An injunction will not lie at the suit of a private person to protect public interests. (*Ruthstrom v. Peterson*, 72 Kan. 679, 83 Pac. 825; *Boyer v. Southwestern Bell Telephone Company*, 252 F.Supp. 1 (D. Kan. 1966). This principle applies to actions for violations of antitrust laws. (*Ketchum v. Denver & R.G.R. Co.*, 248 F. 106 (8th Cir. 1917); *Burkhead v. Phillips Petroleum Company*, 308 F. Supp. 120 (N.D. Cal. 1970).)

We hold that Winters has no individual claim against the defendants and that this is fatal to all of his alleged claims. The rulings of the trial court were correct.

We have not dealt with various questions ably treated by the trial court in its memorandum of decision. Included among these was the propriety of the alleged class when tested by K.S.A. 60-223(*b*). The alleged class was described as all persons who had been furnished goods and services by the defendants during the ten-year period preceding the commencement of this action and who had not been Blue Cross subscribers at the time of their hospitalization. The questions raised upon testing this alleged class against the requirements of K.S.A. 60-223(*b*) are obvious.

Similarly, we have not discussed the claim for declaratory judgment as a separate issue. The posture of this litigation as presented to the trial court and on appeal requires us to conclude that the claim for declaratory judgment is not distinguishable from the claim for injunctive relief under K.S.A. 50-801 and that our determination of the latter issue is determinative.

The judgment is affirmed.