United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 03-20575

———————————

JACOB BLAZ, On behalf of Himself and all others Similarly
Situated,

Plaintiff-Appellant,

versus

ROBERT A. BELFER; NORMAN P. BLAKE, JR.; RICHARD B. BUY; RICHARD
A. CAUSEY; RONNIE C. CHAN; JOHN H. DUNCAN; ANDREW S. FASTOW; JOE
H. FOY; WENDY L. GRAMM; KEN L. HARRISON; ROBERT K. JAEDICKE;
KENNETH L. LAY; CHARLES A. LAMAISTRE; JEROME J. MEYER; JEFFREY S.
SKILLING; JOHN A. URQUHART; JOHN WAKEHAM; CHARLES E. WALKER;
BRUCE G. WILLISON; HERBERT S. WINOKUR, JR.; ARTHUR ANDERSEN LLP,

Defendants-Appellees.

———————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-1150)

———————————————————————————————

Before DAVIS, BARKSDALE, and PRADO, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is the claimed impermissible retrospective application of the Securities Litigation Uniform Standards Act, Pub. L. No. 105-353, 112 Stat. 3227 (1998) (codified as amended at 15 U.S.C. §§ 77p & 78bb)(SLUSA), which provides for the removal and dismissal of certain state law securities class actions. Jacob Blaz challenges SLUSA's application to his putative state law securities class action arising out of pre-enactment conduct. The

application is permitted because SLUSA governs only secondary conduct — procedural requirements for filing certain state law securities claims — and not the primary conduct that is the subject of those claims. **AFFIRMED**.

I.

In January 2002, more than three years after SLUSA's enactment, Blaz filed this putative state law class action in Texas state court. Blaz presented state law claims for fraud, misrepresentation, and conspiracy in connection with the purchase of publicly traded securities (Enron Corporation) from 11 April 1997 to 15 October 1998 (class period).

The action was removed to federal court pursuant to SLUSA, which provides for removal and dismissal of certain state law securities class actions. *See* 15 U.S.C. § 78bb(f)(1)(A), (B) & (f)(2) (class actions based on state common or statutory law misrepresentation, omission, or deception with respect to purchase of securities subject to removal and dismissal). The parties do not dispute that, under SLUSA, Blaz' state law action is a "covered class action" involving a "covered security". *See* 15 U.S.C. § 78bb(f)(5)(B) & (E).

The class period designated by Blaz ends shortly before SLUSA's enactment on 3 November 1998; Blaz claims the alleged fraud was not discovered until 16 October 2001, almost three years after that enactment. Blaz moved to remand, contesting removal and

2

dismissal on the basis that applying SLUSA to the pre-enactment conduct would have the impermissible retroactive effect of preempting his state law claims. Moreover, acknowledging that the three-year statute of repose under the Securities Exchange Act of 1934 barred his pursuing a federal class action, Blaz contended SLUSA's application effectively denied the putative class meaningful relief.

Remand was denied; the putative state law class action was dismissed with prejudice. *Blaz v. Belfer, et al.*, No. H-01-3624 (S.D. Tex. 16 Aug. 2002). In its quite comprehensive and well-reasoned opinion, the district court held: SLUSA's provisions are procedural and do not impair the substantive rights of Blaz or the putative class members individually to pursue their claims in state court; consequently, SLUSA does not have an impermissible retroactive effect. *Id*. at 22-23.

## II.

In our deciding whether applying SLUSA to the pre-enactment conduct at issue has an impermissible retrospective effect, the remand-denial and dismissal are reviewed *de novo*. *E.g., Morris v. TE Marine Corp.*, 344 F.3d 439, 443 (5th Cir. 2003) (citing *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001)). For essentially the reasons stated by the district court, we hold that such application is permissible.

3

*Landgraf v. USI Film Products*, 511 U.S. 244 (1994), provides the well-settled framework for determining the issue at hand. "[T]he *presumption* against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Id*. at 265 (emphasis added). Nevertheless, "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity ... [b]ecause rules of procedure regulate secondary rather than primary conduct". *Id*. at 275 (citations omitted). *See also Hughes Aircraft v. United States ex rel. Schumer*, 520 U.S. 939 (1997) (applying *Landgraf* analysis to action filed after amendment to statute, but challenging pre-enactment conduct). A two-part alternative analysis is used for determining whether the presumption against retroactivity is rebutted.

First, retroactive application is not impermissible where there is an express congressional intent favoring it. *Landgraf*, 511 U.S. at 280. In SLUSA, Congress did not expressly provide for such application.

Second, such application is permissible if it does not "*impair rights a party possessed when he acted*, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed". *Id*. (emphasis added). Blaz claims SLUSA's application impairs the substantive rights of

4

defrauded securities purchasers to pursue class relief in state court.

In this regard, relying on ***W.R. Huff Asset Management Co., LLC v. BT Securities Corp.***, 190 F. Supp. 2d 1273 (N.D. Ala. 2001), Blaz contends SLUSA has an impermissible retroactive effect by unfairly depriving class members of meaningful access to the courts. As in the action at hand, the ***BT Securities*** plaintiffs: filed an action post-SLUSA's enactment, involving pre-enactment conduct, ***id***. at 1275; and could no longer pursue a federal securities class action because it would be time-barred by the three-year statute of repose, *see* Section 18(c) of the Securities Exchange Act of 1934, 48 Stat. 881, 898 (codified at 15 U.S.C. § 78(i)(e)). (Pursuant to the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, § 804(a) & (b), 116 Stat. 801 (codified at 28 U.S.C. § 1658(b)), this statute of repose has been extended to five years after the conduct accrues.) ***BT Securities*** concluded:

> [T]he practical effect of a retrospective application of SLUSA would be to trim down [plaintiffs'] case to a virtual nothing. Not taking this eventuality into account when measuring the impact of retrospective application in this case would be holding [plaintiffs] accountable for [their] "failure" to bring [their] state law claims within the periods of repose and limitation applicable to federal claims that are preemptive only if retroactive.... The reasonable expectations [plaintiffs] had at the time of the allegedly actionable conduct cannot be reconciled with such a relinquishment of a *substantive right*.

5

**BT Securities**, 190 F. Supp. 2d at 1281 (emphasis added).

Blaz contends: this analysis applies with even greater force here because defendants fraudulently concealed their wrongdoing until 16 October 2001 and therefore prevented filing a federal securities class action within the statute of repose; and it is unfair to permit such fraudulent concealment likewise to deny him a class action in state court, by application of SLUSA. Blaz acknowledges that he and other putative class members individually may pursue their claims in state court; but, he maintains this access to those courts will not be meaningful because potential individual recoveries are comparatively small. According to Blaz, this causes SLUSA to operate to create "new legal consequences", not present before its enactment, that transform its retrospective effect from procedural to substantive. Blaz notes that, although there is no right to "litigate" a claim as a class action, Rule 23 of the Federal Rules of Civil Procedure confers the right to "seek" certification of a class action, including the rights to have the district court consider a class certification motion and to appeal an order denying such certification. *See* FED. R. CIV. P. 23.

A.

Obviously, Blaz' attempt to distinguish "litigating" a class action from "seeking" one fails; for purposes of the issue at hand, there is no difference. Nor is there a substantive right to pursue

6

a class action, in either Texas state or federal court.  As the Texas Supreme Court explained:

> The class action is a *procedural device* intended to advance judicial economy by trying claims together that lend themselves to collective treatment.  It is not meant to alter the parties' burdens of proof, right to a jury trial, or the substantive prerequisites to recovery under a given tort.

*Soutwestern Ref. Co., Inc. v. Bernal*, 22 S.W.3d 425, 437 (Tex. 2000) (emphasis added); *see also* **Frazar v. Gilbert**, 300 F.3d 530, 545 (5th Cir. 2002) ("A class action is merely a procedural device; it does not create new substantive rights...."), *rev'd on other grounds*, **Frew ex rel. Frew v. Hawkins**, 124 S. Ct. 899 (2004).

In his state court complaint, Blaz defines the class period as ending on 15 October 1998 and claims that the alleged fraudulent conduct was not discovered until 16 October 2001 — exactly *one day* past the then three-year statute of repose for a federal securities claim.  In the light of his class period and discovery date, Blaz could not pursue a federal class action.  Of course, it is the defined class period and claimed fraudulent concealment, *not SLUSA's retroactive application*, that causes this result.  In any event, there is no right to pursue a state class action; and, again, despite SLUSA's application, each plaintiff may pursue individual relief in state court.

B.

7

As **Landgraf** explained, retrospective changes to "procedural rules" do not raise retroactivity concerns because they regulate secondary, rather than primary, conduct. **Landgraf**, 511 U.S. at 275. SLUSA provides a procedural framework for the secondary conduct of filing certain state securities claims; it does not regulate the primary conduct that is the subject of those claims. Again, there is no substantive right to a class remedy; a class action is a procedural device. As such, SLUSA's regulating filing certain state securities claims is not impermissibly retroactive.

Except for the **BT Securities** court, all others that have evaluated the retrospective application of SLUSA have reached this conclusion. *See, e.g.,* **Professional Management Assoc., Inc. v. KPMG LLP**, 335 F.3d 800, 803-04 (8th Cir. 2003) (applying SLUSA to pre-enactment conduct presents no retroactivity concern because SLUSA regulates only "secondary conduct, the filing of the lawsuit, not the primary, allegedly illegal pre-enactment conduct"); *see also* **Winne v. Equitable Life Assurance Society**, 2003 WL 22434215, *9 (S.D.N.Y. 2003) ("since SLUSA governs only procedural requirements and is not substantive in scope, it may be applied to suits ... that were filed after ... the statute's enactment, even if those suits concern pre-enactment conduct") (citing **Gray v. Seaboard Securities, Inc.**, 241 F. Supp. 2d 213, 217-18 (N.D.N.Y. 2003)).

For the foregoing reasons, the judgment is

**_AFFIRMED_**.