# United States Court of Appeals
## For the First Circuit

No. 06-2026

RAFAEL DIAZ-RAMOS,

Plaintiff, Appellant,

v.

HYUNDAI MOTOR COMPANY and
HYUNDAI AMERICAN TECHNICAL CENTER, INC.

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Lipez, Circuit Judge,
Selya, Senior Circuit Judge,
and DiClerico,[*] District Judge.

Jorge M. Torrez-Gómez, with whom Vicente Santori-Coll and Torres-Gómez Law Office were on brief, for appellant.
Gene C. Schaerr, with whom Peter K. Dykema, Geoffrey P. Eaton, Brian P. Brosby, Robert Scumaci, Winston & Strawn, LLP, and Gibson, McAskill, & Crosby, LLP were on brief, for appellees.

August 30, 2007

[*]Of the District of New Hampshire, sitting by designation.

**LIPEZ**, <u>Circuit Judge</u>.  The claim that appellant Rafael Diaz-Ramos ("Diaz") brings against Hyundai Motor Company ("HMC") is predicated on the notion that section 259 of the Puerto Rico Antitrust Act, P.R. Laws Ann. tit. 10, § 259 ("Antitrust Act"), in conjunction with the Consumer Class Action Act, P.R. Laws Ann. tit. 32, §§ 3341-3344 ("CCAA"), affords a private right of action to an individual who seeks to represent a class of injured parties.  In light of the explicit statutory language, longstanding precedent regarding class actions, legislative history, and established principles of statutory interpretation, we hold on these facts that no such private right of action exists and affirm the district court's decision to dismiss Diaz's complaint.

**I.**

The relevant facts are undisputed.  In 1998 and 2002, HMC launched recall campaigns for 1995 through 1997 Hyundai Accents to remedy suspension problems that could result from corrosion caused by road salt.  The recalls took place in the states within a "salt belt" region designated by the National Highway Traffic Safety Administration.

Diaz owns a 1995 Hyundai Accent and is a citizen and resident of Puerto Rico.  His car was not included in the recalls because Puerto Rico is not within the designated region.  Believing that the "marine salt environment" of Puerto Rico could induce severe corrosion damage (similar to that caused by road salt) to

Hyundai Accents in Puerto Rico, and that his car thus should have been included in the recall, Diaz filed a proposed consumer class action suit in 2005 against HMC and Hyundai American Technical Center, Inc. ("HATCI") pursuant to section 259 of the Antitrust Act; section 3342 of the CCAA; the Puerto Rico Motor Vehicle Act, P.R. Laws Ann. tit. 10, §§ 2060, 2064; and Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31, § 5141.

HMC moved to dismiss Diaz's action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and HATCI moved to dismiss for lack of in personam jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  The district court granted both motions to dismiss. With respect to HMC's motion, it explained that "[a] cause of action under the Antitrust laws . . . generally requires the plaintiff to show that the defendant engaged in conduct that has a negative impact upon the free flow of trade and commerce and not merely that the defendant may have put a defective product on the market and refuses to correct it," and concluded that Diaz had not alleged that his exclusion from the recalls adversely affected trade and commerce.  The court also held that Diaz had not stated a claim under Puerto Rico's Motor Vehicle Act or the general tort statute because he had not alleged that he suffered any actual injury from his exclusion from the recalls.  Then, with respect to

HATCI, the court concluded that "Diaz cannot show that HATCI has in any way purposely entered the Puerto Rico market," and, consequently, it lacked personal jurisdiction over HATCI.

On appeal, Diaz presses only his claim pursuant to section 259 of the Antitrust Act.[1]

## II.

We exercise de novo review over a dismissal pursuant to Rule 12(b)(6), "assuming the truth of all well-pleaded facts . . . and indulging all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). Thus, a complaint should be dismissed for failure to state a claim "only if the facts lend themselves to no viable theories of recovery." Luc v. Wyndham Mgmt. Corp., ___ F.3d ___, 2007 WL 2253527, at *2 (1st Cir. Aug. 7, 2007).

The district court dismissed Diaz's complaint because he failed "to show that the defendant engaged in conduct that has a negative impact upon the free flow of trade and commerce," as required by section 259(a) of the Antitrust Act.[2] We conclude, however, that a more fundamental problem undermines Diaz's

---

[1] On appeal, Diaz does not challenge the district court's conclusion that it lacked personal jurisdiction over HATCI. Thus, as far as we can discern from the record now before us, HATCI remains in the appeal only nominally.

[2] In pertinent part, section 259(a) of the Antitrust Act states: "Unfair methods of competition, and unfair or deceptive acts or practices in trade or commerce are hereby declared unlawful." P.R. Laws Ann. tit. 10, § 259(a).

-4-

complaint. The Antitrust Act explicitly states that there is no private right of action for a violation of section 259(a), and Diaz's attempt to find such a right of action in the CCAA is unavailing.

Section 268 of the Antitrust Act states that "[a]ny person who shall be injured in his business or property by any other person, by reason of acts or intended acts, forbidden or declared to be unlawful by the provisions of this chapter, except §§ 259 and 261 of this title, may sue therefor[] in the Court of First Instance." P.R. Laws Ann. tit. 10, § 268(a)(emphasis added). This plain language is reinforced by San Juan Star Co. v. Casiano Commc'ns, Inc., 85 F. Supp. 2d 89, 93 & n.3 (D.P.R. 2000), in which the court dismissed with prejudice a private action after reaching the "inescapable conclusion" that the Antitrust Act "do[es] not provide a private right of action" under section 259.

Not so easily rebuffed, Diaz insists that the CCAA provides the private right of action that the Antitrust Act explicitly denies. The relevant provision of the CCAA "recognize[s] the right . . . to consumers of goods and services . . . to file a class suit on behalf of said . . . consumers," including "a class suit . . . based on the Antitrust Act of the Commonwealth, §§ 257-274 of Title 10." P.R. Laws Ann. tit. 32, § 3342. He argues that, because the Antitrust Act and the CCAA deal with the same subject, courts must apply them together, bearing in

mind the fundamental objectives of both statutes. The CCAA was enacted to protect consumers against the "deceitful, improper, false or fraudulent practices" by "the suppliers of goods and services." Act of June 25, 1971, No. 118 (Statement of Motives). This purpose, Diaz explains, favors the interpretation that the CCAA was intended to allow a private right of action for commission of the unfair trade practices described in section 259 of the Antitrust Act.

No authority supports Diaz's claims. First, courts have repeatedly held that the "predicate to [a plaintiff's] right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class." Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 734 (3d Cir. 1970). Both state and federal class action provisions have been construed to confer no substantive rights. See, e.g., Kristian v. Comcast Corp., 446 F.3d 25, 54 (1st Cir. 2006) ("While Comcast is correct when it categorizes the class action . . . as a procedure for redressing claims – and not a substantive or statutory right in and of itself – we cannot ignore the substantive implications of this procedural mechanism."); Cummings v. Connell, 402 F.3d 936, 944 (9th Cir. 2005)("It is axiomatic that Rule 23 cannot 'abridge, enlarge or modify any substantive right' of any party to the litigation." (quoting 28 U.S.C. § 2072)); Blaz v. Belfer, 368 F.3d 501, 504 (5th Cir.

2004)("A class action is merely a procedural device; it does not create new substantive rights." (quoting Frazar v. Gilbert, 300 F.3d 530, 545 (5th Cir. 2002)), rev'd on other grounds sub nom., Frew ex rel. Frew v. Hawkins, 540 U.S. 431 (2004)); Mace v. Van Ru Credit Corp., 109 F.3d 338, 346 (7th Cir. 1997)(stating that "[t]he application of Rule 23 does not abridge, enlarge or modify any substantive right"); In re Baldwin-United Corp., 770 F.2d 328, 335 (2d Cir. 1985)(stating that the federal class-action procedure set forth in Rule 23 "is a rule of procedure and creates no substantive rights or remedies enforceable in federal court"); Southwestern Refining Co. v. Bernal, 22 S.W.3d 425, 437 (Tex. 2000) (holding that class action is procedural device which does not alter the substantive requirements of the underlying substantive claim); Winters v. Kan. Hosp. Serv. Ass'n, 562 P.2d 98, 101 (Kan. App. 1977)(stating that Kansas' class-action statute "is a procedural statute" that "creates no substantive rights").

Thus, the courts that have considered the issue have held that procedural class action provisions neither create substantive rights nor give rise to an independent cause of action. We have found no case contrary to this holding, and we have no basis for concluding that Puerto Rico would deviate from this unanimous authority. We also think that Diaz reads too much into the CCAA's explicit statement that it recognizes a right for consumers to file a class action based on sections 257 through 274 of the Antitrust

Act. The specified sections encompass the entirety of the Antitrust Act and offer no indication that the legislature intended to override section 268's more specific statement that section 259 does not support a private right of action. In sum, the right to file a class action cannot exist where — as with section 259 — the Antitrust Act does not already afford an individual right.

Moreover, the legislative history of the CCAA offers no indication that its drafters intended to create a right of action for violations of section 259(a). No specific statement implies such an intent. Indeed, the Statement of Motives accompanying the CCAA explains that "[m]any persons acting together as consumers who have been defrauded may enforce their individual rights by means of a consumer class suit." Act of June 25, 1971, No. 118 (Statement of Motives). Not surprisingly, this statement indicates that rights must already exist at an individual level in order to support a class action.

Finally, Diaz's contention that the CCAA effectively serves as an implied repeal of section 268 violates established principles of statutory construction. As the Supreme Court of Puerto Rico has stated: "The courts do not favor implied repeals. A general law does not repeal a special law unless such repeal is expressly stated or clearly arises from the legislative intent." McCrillis v. Aut. Navieras de P.R., 23 P.R. Offic. Trans. 109 (P.R. 1989)(citation omitted). This authority is aligned with the

predominant understanding. The Supreme Court has explained that "'when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.'" J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc., 534 U.S. 124, 143-44 (2001) (quoting Morton v. Mancari, 417 U.S. 535, 551 (1974)). Moreover, "absent a clearly expressed congressional intention, repeals by implication are not favored. An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter act covers the whole subject of the earlier one and is clearly intended as a substitute." Branch v. Smith, 538 U.S. 254, 273 (2003)(plurality opinion)(internal quotation marks and citations omitted); see also Morton, 417 U.S. at 550 ("[T]he only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable."). Here, section 268(a) is not irreconcilable with the CCAA; rather, the statutes easily may be harmonized by interpreting the CCAA to leave untouched section 268(a)'s statement that section 259 does not support a private right of action. Similarly, the CCAA neither covers the same subject as section 268(a) nor is clearly intended as a substitute. The CCAA prescribes procedures for consumer class actions, while the latter prescribes substantive standards governing monopolies and restraint of trade. In the absence of any evidence of legislative intent to repeal section 268(a), we find

-9-

that no such implied repeal took place here.

In the alternative, Diaz asks that we certify the issue of whether a private right of action exists to the Puerto Rico Supreme Court. However, we have held that certification is "inappropriate" if "the course state courts would take is reasonably clear." Porter v. Nutter, 913 F.2d 37, 41 n.4 (1st Cir. 1990)(quoting Bi-Rite Enters., Inc. v. Bruce Miner Co., 757 F.2d 440, 443 n.3 (1st Cir. 1985)). Here, the clarity with which the Puerto Rico legislature has spoken on this issue renders certification unnecessary and inappropriate. And, because our conclusion that no private right of action exists wholly disposes of Diaz's claim, we need not consider HMC's defense that the Antitrust Act is preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. §§ 30101-30169.

**III.**

We conclude that the district court correctly dismissed Diaz's claims under the Antitrust Act and the CCAA. The Antitrust Act expressly prohibits a private right of action for suits brought under section 259(a), and nothing in the CCAA — a procedural class action statute — provides any indication that the Puerto Rico legislature intended to create a substantive right of action for class action suits pursuant to section 259(a). Thus, the district court was correct in granting HMC's motion to dismiss.

**Affirmed.**

-10-