Carlos CALDERON–GARNIER,
Plaintiff

v.

Hon. Roberto SANCHEZ–RAMOS,
et al. Defendants

No. 05–1495 (JP).

United States District Court,
D. Puerto Rico.

June 12, 2006.

Francisco R. González–Colón, Esq., Francisco R. González–Colón Law Office, San Juan, PR, for Plaintiff.

Francisco A. Ojeda–Diez, P.R. Department of Justice, Federal Litigation, San Juan, PR, Eileen Landrón–Guardiola, Julio César Alejandro–Serrano, Landrón & Vera, LLP, Guaynabo, PR, for Defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

The court has before it a motion to dismiss filed by defendant Honorable Ana-belle Rodríguez–Rodríguez (No. 23) and a motion to dismiss filed by defendants the Honorable Sila Calderón, Pedro G. Goyco, Cruz Esteves de González, and the Honorable Roberto Sánchez–Ramos (No. 29), and the plaintiff's oppositions (Nos.28, 31).

The plaintiff is a former prosecutor with the Puerto Rico Department of Justice ("PRDOJ"). He alleges he was suspended and terminated from his position due to his political affiliation and in retaliation for exercising his freedom of speech. The defendants move to dismiss the complaint on the grounds that the claims are time barred, that the plaintiff failed to state a claim, and on the ground that the defendants are entitled to qualified immunity. The motions are **GRANTED IN PART AND DENIED IN PART**.

### II. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, at 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, at 5 (1st

Cir.2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. FACTUAL ALLEGATIONS

The plaintiff was appointed Assistant District Attorney to the PRDOJ in March of 1995 by Governor Pedro J. Rosselló. In 1999 Governor Rosselló promoted and reappointed the plaintiff to a twelve year term. Governor Rosselló was affiliated with the New Progressive Party ("NPP"). The plaintiff identified with the NPP's ideology, and his beliefs were known to the defendants and to the community.

In 2001, defendant Governor Sila Calderón of the Popular Democratic Party ("PDP") took office. On July 19, 2002, defendant Anabelle Rodríguez, the then acting Secretary of Justice, transferred the plaintiff to the Fajardo District Attorney's Office without notice to the plaintiff. While the plaintiff worked at the Fajardo office he was required to work shifts that lasted for twenty-four hours and seven days per week. These shifts were contrary to PRDOJ policy and custom, and placed his health and safety at risk. The shifts were only required of a few prosecutors, all affiliated with the NPP. The plaintiff formally made a written complaint to defendant Pedro G. Goyco Amador, then acting Prosecutor General, and to defendant Rodríguez.

On November 18, 2002, a meeting was held with defendant Goyco. The plaintiff was singled out as a group leader behind the requests to end the work shifts. After the meeting the plaintiff's supervisor, Fajardo District Attorney Luis Vázquez–Marín, told the plaintiff he was following orders from defendant Goyco to watch the plaintiff closely and not to permit him to make decisions regarding criminal investigations without prior approval.

In January of 2003 the plaintiff issued subpoenas for a criminal investigation involving commonwealth and municipal officials. Those officials facilitated the use of public lands by protest groups under the pretext of permitting the groups to hold a festival, allowing the protestors to vandalize property belonging to the United States government. Defendant Cruz Estévez de González, a Puerto Rico District Attorney assigned to the Fajardo office, learned of the plaintiff's investigation. She accused him of trying to make a political investigation, and ordered him to hand over all evidence he had obtained. Thereafter, she constantly harassed the plaintiff, and accused him of conducting his investigations according to a political agenda. She warned him not to conduct certain investigations, and continuously harassed him for not withdrawing from other investigations involving military personnel.

Around April 30, 2003, the plaintiff's criminal investigation revealed that commonwealth and municipal employees and equipment were used in acts of vandalism against U.S. property in an incident where a United States Department of Fish and Wildlife official was severely battered. Soon after the plaintiff reported the results of his investigation, defendant Estévez told him he was removed from the investigation by order of defendant Rodríguez. A federal prosecutor who was exchanging information with the plaintiff informed him that defendant Rodríguez requested that she not cooperate with the plaintiff.

On October 30, 2003, during the Conference of the Public Ministry, the plaintiff conducted a silent protest against the work shifts. Defendant Goyco warned the plaintiff that if he showed his poster during the conference, he would be terminated. Defendant Goyco and another Department of Justice employee shouted at the plaintiff

not to show his poster, and that they had had enough trouble from the plaintiff due to his investigations, and that he would be fired. They brought agents to arrest him, called his wife, and had other prosecutors attempt to persuade him to stop his protest, all in an attempt to intimidate and harass the plaintiff. Finally, when defendant Calderón approached the premises, agents used force to detain the plaintiff and take away his poster.

Immediately after the plaintiff's silent protest, defendant Rodríguez ordered an investigation of the plaintiff's work performance. The investigation was an effort to justify his expulsion in retaliation for his exercising his freedom of speech. The plaintiff requested that he be allowed to inspect all relevant evidence in the hands of the defendants in order to defend himself against any complaints brought against him. His requests were denied, and he was not given a hearing. On December 23, 2004, defendant Rodríguez issued a letter of suspension, allegedly for violating his duties. On May 12, 2004, the plaintiff was dismissed by Governor Sila Calderón.

The plaintiff alleges he was fired because of his political affiliation and in retaliation for exercising his freedom of speech. He claims the defendants violated his rights under Section 1983,[1] 42 U.S.C. § 1983, under Law 100 of the Puerto Rico Civil Code, and under Article 1802 of the Puerto Rico Civil Code.

## IV. ANALYSIS

The Court will address the defendants' arguments in turn.

### A. Time Bar

 The defendants move to dismiss the plaintiff's claims on the ground they are barred by the statute of limitations. Section 1983 borrows the appropriate state statute of limitations, unless contrary to federal law. *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir.2003). The relevant statute of limitations for civil rights claims in Puerto Rico is one year. *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir.2005); *see* P.R. Laws Ann. tit. 31 § 5298(2). Section 1983 claims accrue "when the aggrieved party knows or has reason to know of the injury which is the basis for his action." *Rodríquez Narváez v. Nazario*, 895 F.2d 38, 42 n. 5 (1st Cir.1990). Article 1802 and Law 100 also are governed by the one year statute of limitations. P.R. Laws Ann. tit. 31 § 5298(2). These claims accrue when the plaintiff has "notice of the injury" and "notice of the person who caused it." *Colón Prieto v. Géigel*, 15 P.R. Offic. Trans. 313, 330–331 (1984).

 The plaintiff bases his claims on several alleged employment actions. These begin with his transfer to the Fajardo district in July, 2002. He alleges that due to his political affiliation he was forced to work undesirable shifts, and was harassed by the defendants. On October 2003, he protested the work shifts. By letter dated December 23, 2003, the plaintiff was suspended from employment. The suspension continued until he was terminated by letter dated May 12, 2004. He filed the instant complaint on May 11, 2005. The only adverse employment action that the plaintiff alleges occurred within one year of filing the complaint was his termination. Therefore only the plaintiff's claims arising out of his termination,

---

**1.** The complaint refers to the First, Fifth, and Fourteenth Amendments of the United States Constitution as well as to Section 1983. The Court will interpret these as Section 1983 claims.

and not out of the other actions alleged in the complaint, including the transfer, harassment, work shifts, and suspension, will proceed in this case.

### B. Failure to State a Claim under Section 1983

 The defendants argue the Section 1983 claims must be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. There is no heightened pleading standard in civil rights cases. *Educadores Puertorrigueñons en Acción v. Hernández*, 367 F.3d 61, 66–67 (1st Cir.2004). Consequently, the Court must determine whether the instant complaint satisfies the basic notice pleading requirements. *See Centro Médico del Turabo, Inc.*, 406 F.3d at 5. To meet those requirements a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. Rule 8(a)(2), and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For this purpose, the Court may draw upon documents annexed to the complaint or incorporated into it, as well as matters subject to judicial notice. *Centro Médico*, 406 F.3d at 5. The Court must not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

 To state a claim under Section 1983, the plaintiff must satisfy two requirements. First, he must identify "an act or omission undertaken under color of state law." *Aponte–Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir.2006). This first requirement is easily satisfied here. Puerto Rico is considered a state for Section 1983 purposes. *Redondo–Borges v. United States Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 7 (1st Cir.2005), and the complaint alleges actions attributed to officers of the PRDOJ. Second, the plaintiff must allege he was deprived of a federally secured right. *Aponte–Torres*, 445 F.3d at 55. The plaintiff also satisfies this requirement by alleging he was fired due to his political affiliation and in retaliation for his protest, and by alleging he was fired without due process.

### 1. First Amendment Political Discrimination

 The First Amendment protects public employees who do not hold confidential policy-making positions from adverse employment actions based on political affiliation. *See Branti v. Finkel*, 445 U.S. 507, 517–519, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 75, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (extending the prohibition on patronage dismissals to include promotion, transfer, recall, or hiring decisions). To state a claim of political discrimination upon which relief may be granted, a public employee must allege that he engaged in constitutionally-protected conduct and that this conduct was a substantial or motivating factor in the adverse employment decision. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Acevedo–García v. Vera–Monroig*, 204 F.3d 1 (1st Cir.2000); *Padilla–García v. Rodríguez*, 212 F.3d 69, 73 (1st Cir.2000) (emphasizing that the protected conduct need only be a factor in the employment decision, not the motivating factor). This showing requires more than merely "juxtaposing a protected characteristic—someone else's politics—with the fact that Plaintiff was treated unfairly." *Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 58 (1st Cir.1990); *see also Rodríguez–Ríos v. Cordero*, 138 F.3d 22, 24 (1st Cir.

1998) (evidence demonstrating that defendants were politically active and were aware of plaintiff's opposing views). Nevertheless, a plaintiff need not produce direct evidence of discriminatory treatment to establish a prima facie case of political discrimination; circumstantial evidence alone can support a finding of political discrimination. *Acosta–Orozco v. Rodríguez de Rivera*, 132 F.3d 97, 102 (1st Cir. 1997). Under the standard for a motion to dismiss, the plaintiff must allege facts that, if proven, would demonstrate that the employer's decision was brought about by political discrimination.

■ Here, the plaintiff has presented far more than a mere allegation that the defendants were affiliated with the opposing political party. He alleges his NPP affiliation was known to the defendants, and that he was dismissed because of that affiliation. Thus, he sufficiently pled a case for political discrimination under Section 1983.

## 2. First Amendment Retaliation

■ The plaintiff also alleges the defendants violated his First Amendment right to freedom of speech by firing him in retaliation for protesting the twenty-four hour work shifts. To prevail on his claim for retaliation claim he ultimately must prove (1) his protest involved a matter of public concern, (2) when balanced against each other his and the public's interests in his protest outweighed the government's interest in functioning efficiently, and (3) his protected speech was a substantial or motivating factor in his termination. *See Jordan v. Carter*, 428 F.3d 67, 72 (1st Cir.2005). The defendants argue that his protest involved a matter of personal interest, rather than a matter of public concern. The plaintiff alleges that he and other prosecutors were required to work continuous shifts. Given the limited information in the complaint about the subject matter of the plaintiff's protest, the Court cannot hold that there is no set of facts consistent with the complaint that would entitle the plaintiff to relief.

## 3. Procedural Due Process

■ The plaintiff also alleges the defendants violated his procedural due process rights by failing to provide him a pre-termination hearing. A plaintiff alleging a procedural due process right must establish a protected liberty or property interest, and allege that while acting under color of state law the defendants deprived him of that interest without adequate process. *Aponte–Torres*, 445 F.3d at 56. The plaintiff alleges in his complaint that he was terminated without a hearing, formal or informal. The defendants argue that the plaintiff did not have a property interest in his employment. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ...." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). At the time of his termination the plaintiff was serving a twelve year term as a prosecutor for the PRDOJ. Under Puerto Rico law a prosecutor may be terminated only following a verified complaint and an investigation by the Secretary of Justice. P.R. Laws Ann. tit. 3 § 93b (1952). The Secretary may then refer charges, and if the charges are "proven," the Secretary then must report to the Governor, and the Governor "shall determine the action to be taken." *Id.* These requirements provide that the plaintiff had more than mere at will employment, and therefore alleged he had a property interest in his employment. Thus the plaintiff also stated a Section 1983 claim for a deprivation of procedural due process.

#### 4. Injunctive relief

 The defendants move to dismiss plaintiff's claims for injunctive relief on the ground that he is not likely to succeed on the merits of his Section 1983 claims. The Court denies the motion on this ground. Based on the analysis above it is not apparent on the face of the complaint that the plaintiff is unlikely to succeed on the merits of his claims.

#### 5. Equal Protection

 The complaint also mentions the Equal Protection Clause as a basis for relief under Section 1983. The plaintiff does not allege anywhere in the complaint how he was treated differently than others similarly situated. The plaintiff may be basing his equal protection claim on his political affiliation. Even if the plaintiff had stated it in the complaint, he has already invoked the protection of the First Amendment for the alleged termination based on his political affiliation and therefore there is no need to analyze this claim under the equal protection clause. To this effect this Court has stated,

> "Indeed, the United States Courts of Appeals for the First Circuit has specifically noted the overlapping nature of the protections provided by the Fourteenth Amendment's Equal Protection Clause and the First Amendment's implied freedom of association in the context of political discrimination." [Plaintiff] has no need for protection under the equal protection clause. His equal protection theory is simply that, in addition to violating his First Amendment rights, the denial of permits in purported retaliation for his political expression violated his equal protection rights as well. Given the overlap of these claims ... we see little basis or justification for applying equal protection analysis.

*Dávila Alemán v. Feliciano Melecio,* 992 F.Supp. 91, 102, n. 12 (D.P.R.1997) (Pieras, J.), *citing Néstor Colón Medina & Sucesores, Inc. v. Custodio,* 964 F.2d 32, 45 (1st Cir.1992).

Because the plaintiff failed to specify the basis of his Equal Protection claims, and because such claims would overlap with his First Amendment Section 1983 claims, the Court will enter judgment dismissing the plaintiff's Equal Protection Section 1983 claims.

#### 6. Fifth Amendment

 The defendants also move to dismiss the plaintiff's Fifth Amendment Section 1983 claims on the ground that the Fifth Amendment applies only to actions by the federal government. It has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Pub. Utilities Comm'n v. Pollak,* 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); *Gerena v. P.R. Legal Services, Inc.,* 697 F.2d 447, 449 (1983). There are no federal actors present as parties in this case, nor has the plaintiff alleged any federal action or omission. The Court will enter judgment dismissing the plaintiff's Fifth Amendment Section 1983 claims with prejudice.

### C. Failure to State a Claim under Law 100

 The defendants argue that the plaintiff's Law 100 claims against them must be dismissed, because they are not employers as defined in the Puerto Rico Civil Code. Law 100, P.R. Laws Ann. tit. 29 § 146 (2003), prohibits "employer[s]" from discriminating against their employees on the basis of political affiliation and ideology. The term "employer" is defined as including "any natural or [juridical] person employing laborers, workers or em-

ployees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises." P.R. Laws Ann. tit. 29 § 151(2) (1959). It suffices to say that the PRDOJ does not operate as a private business or enterprise. The Court will enter judgment dismissing the plaintiff's Law 100 claims with prejudice.

### D. Qualified Immunity

▮▮▮ The defendants argue that they are entitled to qualified immunity. The doctrine of qualified immunity protects government officials who perform discretionary functions from suit and from liability for monetary damages under Section 1983. *See Roldán–Plumey v. Cerezo–Suárez,* 115 F.3d 58, 65 (1st Cir.1997). This defense is designed to create a rebuttable presumption of immunity from personal liability to cover executive officers who perform discretionary functions. *See, Id., Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Government officials are immune from suit when their conduct does not violate clearly established statutory authority or constitutional rights a reasonable person should have known of at the time of the conduct at issue. *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). When assessing a claim of qualified immunity, the Court employs a three part test. *See Savard v. Rhode Island,* 338 F.3d 23, 27 (1st Cir.2003). The threshold inquiry is whether the plaintiff has established a constitutional violation. *See Savard,* 338 F.3d at 27; *see St. Hilaire v. Laconia,* 71 F.3d 20 (1st Cir.1995), *cert.*

*denied,* 518 U.S. 1017, 116 S.Ct. 2548, 135 L.Ed.2d 1068 (1996). The second inquiry is whether the law was clearly established at the time of the violation. *See Savard,* 338 F.3d at 27. The final question is whether a reasonable official, situated similarly to the defendant, would have understood that the conduct at issue violated the clearly established law. *See Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

▮▮▮ To defeat the qualified immunity defense, a plaintiff must show the defendant knew or reasonably should have known the actions he took within his sphere of official responsibility would violate the constitutional rights of the people affected by his actions. *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 997, n. 6, 43 L.Ed.2d 214 (1975); *see also Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). A plaintiff may not overcome the defense by alleging, even if fortified with evidence, that the governmental official acted in a malicious manner or in some way was improperly motivated. Evidence concerning the defendant's subjective intent is no longer relevant or part of the qualified immunity defense. *Harlow,* 457 U.S. at 817, 102 S.Ct. 2727; *Crawford–El,* 523 U.S. at 588, 118 S.Ct. 1584; *Wyatt v. Cole,* 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992).

▮▮▮ The plaintiff raised sufficient allegations to defeat the qualified immunity defense at this point in the litigation. First, he alleged Section 1983 violations. Second, his claims come under a clearly established rights, specifically the rights under Section 1983 to recover for constitutional freedoms of speech, affiliation, and to procedural due process. Finally, the allegations in the complaint indicate reasonable officials in the defendants' shoes

would know their actions violated the plaintiff's rights. The defendants are not entitled to qualified immunity at this time.

## V. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** the defendants' motions to dismiss. The plaintiff may recover for Section 1983 claims arising out of his termination, and for no other employment actions alleged in his complaint. The Court will enter judgment dismissing with prejudice the plaintiff's Law 100 claims, and Section 1983 claims for violations of the Equal Protection Clause of the Fourteenth Amendment, and of the Fifth Amendment. The plaintiff's Article 1802 claims, and Section 1983 claims for violations of the First Amendment, and of the Due Process Clause of the Fourteenth Amendment remain before the Court. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, the defendants must answer the complaint on or before ten days from entry of this order.

**IT IS SO ORDERED.**