# United States Court of Appeals
## For the First Circuit

_____

No. 06-2222

CARLOS CALDERÓN GARNIER,

Plaintiff, Appellee,

v.

HON. ANABELLE RODRÍGUEZ, in her personal capacity and
as former Secretary of the Puerto Rico Department of Justice,

Defendant, Appellant,

HON. ROBERTO SANCHEZ RAMOS, in his personal capacity and
official capacity as acting Secretary of Justice;
PEDRO GOYCO AMADOR, in his personal and official capacity as
Prosecutor General of the Department of Justice;
CRUZ ESTEVEZ DE GONZALEZ in her personal and official capacity
as District Attorney of the Puerto Rico Department of Justice;
HON. SILA MARIA CALDERÓN, in her personal and official
capacity as former Governor of the Commonwealth of Puerto Rico;
JOHN DOE, unknown persons who acted or conspired violating
Plaintiff's constitutional rights and caused damages,

Defendants.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., <u>U.S. Senior District Judge</u>]

_____

Before

Lipez and Newman,[*] <u>Circuit Judges</u>,
and Selya, <u>Senior Circuit Judge</u>.

_____

<u>Israel Roldán González</u> for appellee.
<u>Eduardo A. Vera Ramírez</u>, with whom Roberto Sanchez Ramos,
Secretary of Justice, <u>Salvador Antonetti Stutts</u>, Solicitor General,
<u>Leticia Casalduc</u>, Auxiliary Solicitor General, <u>Eileen Landrón</u>

_____

[*]Hon. Pauline Newman, of the Federal Circuit, sitting by
designation.

Guardiola, Luis A. Rodríguez Muñoz, Julio César Alejandro Serrano, and Landrón & Vera, LLP. were on brief for appellant.

_____

October 22, 2007

**NEWMAN**, **Circuit Judge**.  Carlos Calderón Garnier was dismissed from his position as an Assistant District Attorney for the Commonwealth of Puerto Rico, by letter of dismissal from then Governor Sila Maria Calderón, dated May 12, 2004.  On May 11, 2005, Mr. Calderón Garnier appealed to the United States District Court for the District of Puerto Rico, invoking 42 U.S.C. §1983 and asserting that the dismissal, the events leading to it, and the process by which it was implemented, were politically motivated and in violation of his civil, constitutional, and statutory rights, including violation of the First, Fifth, and Fourteenth Amendments of the United States Constitution, of Article 1802 of the Puerto Rico Constitution and of Puerto Rico employment laws and laws prohibiting political discrimination, and of the terms of his employment.  The defendants filed various motions; the district court dismissed some counts of the complaint, but ruled that the complaint alleged sufficient facts to state a claim based on violation of First Amendment rights, a claim under the Due Process clause of the Fourteenth Amendment, and claims under Puerto Rico law.  The court denied the motions for dismissal on qualified immunity and statute of limitations grounds;[1] these denials are the subject of this appeal.

---

[1] Calderón-Garnier v. Hon. Sanchez-Ramos, 439 F.Supp. 2d 229 (D.P.R. 2006).

This interlocutory appeal is taken by Hon. Anabelle Rodríguez, a named defendant who was Secretary of Justice during most of the period at issue. Former Secretary Rodríguez argues that the district court erred in denying her motion for dismissal on the ground of qualified immunity. She also argues that the Puerto Rico one-year statute of limitations bars this action broadly, or at least excludes her as a party defendant because she left the position of Secretary of Justice more than one year before suit was filed.

We receive this appeal in accordance with the principles stated in Behrens v. Pelletier, 516 U.S. 299, 305 (1996), that the denial of a claim of qualified immunity, if the claim turns on an issue of law, is an appealable interlocutory ruling. See Mitchell v. Forsyth, 472 U.S. 511, 525 (1985) ("the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action"); Vasquez Rios v. Hernandez Colon, 819 F.2d 319, 320 (1st Cir. 1987)(interlocutory review of denial of partial summary judgment based on claims of qualified immunity).

This review is limited to the issue of qualified immunity. As explained in Pedraza v. Shell Oil Co., 942 F.2d 48, 55 n.10 (1st Cir. 1991), "when presented with an interlocutory appeal from an order denying summary judgment on the ground of qualified immunity,

we have so far refrained from endorsing any form of pendent appellate jurisdiction over otherwise nonappealable interlocutory orders." See Domegan v. Fair, 859 F.2d 1059, 1061-62 (1st Cir. 1988) ("Notwithstanding that we have jurisdiction to review the denial of qualified immunity midstream, '[a]ny additional claim presented to and rejected by the district court must independently satisfy the collateral order exception to the final-judgment rule in order for us to address it on an interlocutory appeal.'") (quoting Bonitz v. Fair, 804 F.2d 164, 173 (1st Cir. 1986)). The denial of a motion to dismiss on statute of limitations grounds is such a nonappealable interlocutory order. See Rivera-Ramos v. Roman, 156 F.3d 276, 282 (1st Cir. 1998).

The appeal as to the statute of limitations issue is dismissed for want of appellate jurisdiction.

## I.   BACKGROUND

In brief: in 1995 Mr. Calderón Garnier was appointed to the position of Assistant District Attorney by the Governor of the Commonwealth of Puerto Rico, the Honorable Pedro J. Rosselló. In 1999 Governor Rosselló reappointed the plaintiff for the statutory term of twelve years. Governor Rosselló and the plaintiff were affiliated with the New Progressive Party. In 2001 the Honorable Sila Maria Calderón, affiliated with the Popular Democratic Party, became Governor. Soon thereafter Mr. Calderón Garnier's work schedule was changed to place him "on call" for twenty-four hours

-5-

per day, seven days a week. He was then transferred from the District of Aibonito to the Fajardo office, an action that he states occurred without notice while he was on vacation; at the Fajardo office he was again placed on the twenty-four hour, seven day schedule. He states that this schedule was required of a few other district attorneys, all of whom were affiliated with the New Progressive Party. He also describes various controls and interventions into his activities as a district attorney, which he states were improper and politically motivated.

On October 30, 2003, during a Conference of the Public Ministry, the plaintiff conducted a "silent protest" of the twenty-four hour, seven day schedule by marching with a poster in the area where the Conference was taking place. Defendant Pedro Goyco Amador, then acting Prosecutor General, told Mr. Calderón Garnier that he would be fired if he continued the protest. Soon thereafter, Secretary of Justice Rodríguez ordered an investigation of Mr. Calderón Garnier's work performance, and on December 23, 2003, Secretary Rodríguez suspended his activities as a district attorney, stating in the letter:

> Pursuant to the above, I am hereby informing you that as of receipt of this communication you are suspended as Assistant Prosecutor II. Such suspension is of employment and not of salary. I further inform you that I shall recommend to the Hon. Sila M. Calderon to dismiss you from your present position as Assistant Prosecutor II.
>
> You have a term of fifteen (15) work days as of receipt hereof to request an informal administrative hearing and

to present your version about the facts motivating the disciplinary action taken.  In such informal hearing, you may [be] assisted by counsel.  If you do not request the informal hearing within the time indicated above, it will be understood that you waive your right to the same and I shall proceed to recommend to the Governor your dismissal of the position you now hold without having the benefits of your version.

(Certified translation, filed on November 8, 2006).

Mr. Calderón Garnier states that his requests for a copy of the investigatory report before the hearing were denied, and that despite his requests to postpone the hearing due to his medical condition, the defendants held the hearing in his absence.  By letter dated May 12, 2004, Governor Sila Calderón dismissed him from employment.  Mr. Calderón Garnier filed this suit on May 11, 2005.

## II.  DISCUSSION

On de novo review of a dismissal pursuant to Rule 12(b)(6), "assuming the truth of all well-pleaded facts . . . and indulging all reasonable inferences in the plaintiff's favor," Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006), a complaint is properly dismissed for failure to state a claim "only if the facts lend themselves to no viable theories of recovery."  Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007).

The qualified immunity of government officials is a shield against unwarranted charges that the official violated the Constitution in the course of performing the functions of the

office.  In Jordan v. Carter, 428 F.3d 67, 71 (1st Cir. 2005), this court explained that "[i]n deference to the sensitive discretionary judgments that government officials are obliged to make, qualified immunity safeguards even unconstitutional conduct if a reasonable officer at the time and under the circumstances surrounding the action could have viewed it as lawful."  The Court has stressed the importance of resolving issues of immunity at the start of the litigation, lest unwarranted lawsuits impede the proper functioning of government.  Hunter v. Bryant, 502 U.S. 224, 227 (1991).  As the district court observed, there is no heightened pleading standard in §1983 actions unless specifically required by statute or rule.  Ecuadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66-67 (1st Cir. 2004).

The issue before the district court was whether, on the well-pleaded allegations, Secretary Rodríguez's actions were protected by qualified immunity.  To grant the motion for dismissal on this ground, there must be no reasonable basis on which Mr. Calderón Garnier could establish the requisite criteria of §1983 whereby (1) a constitutional right was violated, (2) the right was clearly established at the time of the challenged conduct, and (3) a reasonable official would have understood that the challenged conduct violated that established right.  Jordan v. Carter, 428 F.3d at 71-72.  See generally Davis v. Scherer, 468 U.S. 183, 191 (1984); Durieux-Gauthier v. Lopez-Nieves, 274 F.3d 4, 9 (1st Cir.

-8-

2001).  Former Secretary Rodríguez argues that these criteria were not met.

The district court observed that to state a claim under §1983 the plaintiff must identify "an act or omission undertaken under color of state law," citing Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 55 (1st Cir. 2006).  The court concluded that this requirement was satisfied in that the actions were taken by officers of the Puerto Rico Department of Justice, and it is not disputed that the actions were taken under color of state law.

As to the question of whether Mr. Calderón Garnier was deprived of a federally secured right, the court ruled that on the pleadings, an inference of political discrimination and of protected speech is plausible.  Although the defendants deny that their actions were politically motivated or discriminatory, the only issue before us is the supportability of the district court's denial of the motion to dismiss on qualified immunity grounds.  It is well established that "[i]n section 1983 cases asserting a First Amendment claim, the plaintiff need only allege facts sufficient to enable a reasonable inference that the employer retaliated, *at least in part*, in response to constitutionally protected speech," Nethersole v. Bulger, 287 F.3d 15, 18-19 (1st Cir. 2002) (emphasis in original), for the "'causation' or 'motivation' element normally presents a factfinding responsibility for the jury."  Id.

The district court found that the facts set forth in the complaint suffice to establish that Mr. Calderón Garnier was fired due to his political affiliation and in retaliation for his protest, and that they support the allegation that he was fired without due process. He states, without dispute, that he was appointed by the Governor to a twelve-year term pursuant to P.R. Laws Ann. tit. 3 § 293w, and by statute was removable only for the reasons stated by statute and through procedures set by regulation. The district court observed that under Puerto Rico law a prosecutor can be terminated only by the Governor, and that the charges leading to termination must be proven, citing P.R. Laws Ann. tit. 3, § 93b. Reviewing the pleadings, the district court stated, as to the allegation of retaliation for his public protest at the Ministers Conference, that it "cannot hold that there is no set of facts consistent with the complaint that would entitle the plaintiff to relief."

Further as to the due process count, former Secretary Rodríguez argues that Mr. Calderón Garnier did not have a property interest in his position, and thus cannot have been deprived of property without due process. Precedent does not support this position. "Under Puerto Rico law, career employees have a property interest in their continued employment." Gonzalez-de-Blasini v. Family Dep't, 377 F.3d 81, 86 (1st Cir. 2004). "Property interests are not created by the Constitution, but are rooted in an

-10-

independent source such as state law." Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 262 (1st Cir. 1987) (under Puerto Rico law the plaintiff had a property interest in her appointment as the superintendent for the Dorado School district).

The district court concluded that Mr. Calderón Garnier was more than an at-will employee, and that he had a sufficient property interest to support a §1983 claim for deprivation of due process. In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985), the Court stated:

> "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process "is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards."

(Alteration in original) (quoting Arnett v. Kennedy, 416 U.S. 134, 167 (1974)). Although former Secretary Rodríguez disputes that such a property interest inheres in this case, and disputing that due process was not accorded, the district court did not err in holding that those defenses cannot be sustained at the pleading stage.

Former Secretary Rodríguez also argues that constitutional due process does not require state officials to comply with the procedures of state laws and regulations, citing Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 832 n.9 (1st Cir.

1982), wherein this court noted that an unlawful departure from established state law procedures may not give rise to a federal due process claim when the state has itself provided adequate safeguards to review and rectify an erroneous administrative action.  If there were such safeguards as to Mr. Calderón Garnier's termination they were not elaborated in the pleadings, and do not provide a basis for dismissal of the complaint at this stage.

We offer no view as to the ultimate determination of the merits of the case.  We affirm the district court's application of the principles governing dismissal at the pleading stage, for we agree that it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Diaz-Ramos v. Hyundai Motor Co., ___ F.3d ___, 2007 WL 2446865 at *2 (1st Cir. Aug. 30, 2007).  The allegations of the complaint, taken at their well-pleaded value, sufficed to show that a clearly established constitutional right had been violated, and that a reasonable official would have understood that the challenged conduct may have violated that right.  We affirm the district court's conclusion that the qualified immunity defense was not established at this early stage of the litigation.

**Affirmed**.