# United States Court of Appeals
## For the First Circuit

No. 12-1979

MICHELLE MALOY,

Plaintiff, Appellant,

v.

EDUARDO BALLORI-LAGE, ET AL,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Thompson, Lipez, and Kayatta,
Circuit Judges.

Jane Becker Whitaker for appellant.
Rosa Elena Pérez-Agosto, with whom Margarita Mercado-
Echegary was on brief, for appellees.

March 7, 2014

**KAYATTA, Circuit Judge**. Michelle Maloy claims that the Puerto Rico Real Estate Examining Board denied her a license in retaliation for her public criticism of the Board, thereby violating her rights under the First Amendment of the United States Constitution. The district court granted the Board's motion to dismiss Maloy's complaint under Federal Rule of Civil Procedure 12(b)(6). We vacate the judgment, because we find that Maloy's allegations plausibly state a claim under 42 U.S.C. § 1983.

## I. Background

Because this appeal follows the dismissal of Maloy's claim, we take as true the facts presented in her complaint and draw all reasonable inferences in her favor. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013). In addition to the complaint, we consider three documents, which we would normally not consider, see Waterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993),

that the parties without objection submitted in briefing the motion to dismiss below.[1]

Plaintiff-Appellant Maloy is a real estate broker in Puerto Rico who has been a vocal critic of the Puerto Rico Real Estate Examining Board, a government body responsible for regulating the real estate industry. Defendant-Appellees include the Board and several individuals associated with it.

Since at least 2009, Maloy has sought to combat what she perceives as corruption within the Board. Maloy has publicly accused the Board of mishandling millions of dollars and of soliciting her participation in an illegal price-fixing scheme, among other charges. On August 4, 2009, Maloy denounced alleged corruption during "public and executive hearings with various members" of a division of the Puerto Rico Assembly. After August 4, Maloy continued to meet with Puerto Rico legislators, as well as

---

[1] These documents are a copy of a public notice and a letter from the Board to Maloy, submitted by both Maloy and the Board in connection with briefing on the Board's motion to dismiss, and an affidavit submitted by Maloy in opposing that motion. No party contested the authenticity of the public notice or the letter. The Board, moreover, raised no objection to the district court's consideration of the allegations made in Maloy's affidavit, presumably because Maloy could have freely amended the complaint to add such allegations, and possibly because the Board itself cited a portion of the affidavit helpful to its argument. In any event, in the absence of any preserved objection by either party, we, too, will regard the affidavit, the public notice, and the letter "as part of the pleadings." Waterson, 987 F.2d at 4. See Smith v. Kmart Corp., 177 F.3d 19, 26 (1st Cir. 1999) (arguments not raised below should be considered only where "the error was prejudicial" and "review is needed to prevent a miscarriage of justice").

-3-

the Puerto Rico Justice Department and the Federal Bureau of Investigation, to discuss her criticisms of the Board.

On February 26, 2010, between six and seven months after her public and repeated castigations of the Board, Maloy visited the Board's offices, where she spoke with a Board employee, María Díaz Ogando. Maloy told Díaz Ogando that she wanted to apply for a license to establish a bilingual real estate school. Díaz Ogando gave Maloy a copy of a previously posted public notice stating that the deadline for such applications was that very day, February 26, 2010, and that a hearing regarding applications would be held on March 25, 2010. Díaz Ogando informed Maloy that she "could not fill out an application as it also required a school proposal, course, programs and licensing permits."

Maloy returned to the Board's offices on March 23, 2010, two days before the scheduled public hearing, with an application meeting Díaz Ogando's specifications. Maloy then attended the hearing, where she was interviewed by Board members on the substance of her proposal. Two months later, Maloy received a letter denying her application on the grounds that it was not filed by February 26, 2010.

In September 2010, Maloy filed suit against the Board and several individuals associated with it, seeking relief under 42 U.S.C. § 1983 for a violation of her First Amendment rights.[2] The

---

[2] Maloy also brought other claims that she does not defend on appeal.

district court dismissed Maloy's First Amendment claim with prejudice in July 2011, reasoning that the Board had a legitimate non-discriminatory reason--the tardiness of her application--for rejecting the application. Maloy then filed a motion for reconsideration, which the court denied. This appeal followed. We have jurisdiction over Maloy's appeal of the district court's orders under 28 U.S.C. § 1291.

## II. Standard of Review

We review de novo the district court's dismissal of Maloy's complaint. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013). In deciding whether the district court properly dismissed a claim, we ask whether the complaint "state[s] a claim to relief that is plausible on its face," accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To cross the plausibility threshold, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. Analysis

To hold the Board liable for unconstitutional retaliation, Maloy must show that "her conduct was constitutionally protected" and that "this conduct was a substantial factor or a motivating factor driving the allegedly retaliatory decision." Air

-5-

Sunshine, Inc. v. Carl, 663 F.3d 27, 35-36 (1st Cir. 2011) (internal citations and quotation marks omitted). To survive a motion to dismiss, then, Maloy must have alleged facts sufficient to allow the court to draw the reasonable inference that her constitutionally protected activity was a substantial or motivating factor in the Board's denial of her subsequent application. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Indisputably, Maloy's allegations are adequate, if believed, to show that she engaged in constitutionally protected activity. Maloy testified publicly about alleged government corruption, a quintessential exercise of the rights to speak freely and to petition the government. See Pickering v. Board of Ed., 391 U.S. 563, 573 (1968) (explaining that "the core value of the Free Speech Clause" is the "public interest in having free and unhindered debate on matters of public importance"). Maloy's comments at meetings with government officials also qualify for First Amendment protection. See Borough of Duryea v. Guarnieri, 131 S. Ct. 2488, 2495 (2011) ("The right to petition allows citizens to express their ideas, hopes, and concerns to their government and their elected representatives . . . .").

Maloy's complaint also permits a reasonable inference that at least some of the Board's members and employees had become aware of her accusations by the time she attempted to apply for a license in the spring of 2010. Maloy alleged that the Board's

president publicly stated in June 2010 that Maloy had pressed false accusations against the Board, supporting a plausible conclusion that he and his colleagues were aware of those accusations several months earlier. Moreover, in assessing the plausibility of Maloy's claim, we must draw on our "judicial experience and common sense." Iqbal, 556 U.S. 662 at 679. Here, because Maloy spoke publicly and vehemently against the Board, common sense supports a reasonable inference that at least some Board members and employees likely learned of it. Cf. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (relying on "common sense" to assess the plausibility of the plaintiff's claim).

This troika drawn by protected speech, plausible motive, and a rejection of what the plaintiff alleges is an application complying with all lawful requirements would normally be enough to carry a complaint across the starting line in the face of a Rule 12(b)(6) motion. See Grajales v. P.R. Ports Auth., 682 F.3d 40, 49-50 (1st Cir. 2012) (reversing dismissal in a political discrimination case where the plaintiff alleged that he was subject to illegitimate employment actions by officials who knew he was a member of an opposing party). Indeed, because "smoking gun proof [of unconstitutional retaliation] is rarely available, especially at the pleading stage," we demand only "telltale clues . . . from the circumstances" as pled in the complaint. Id. at 49. Typically, too, an assessment of a plaintiff's complaint does not

entail consideration--much less require rebuttal--of the defendant's explanation for its action, see, e.g., Garnier v. Rodríquez, 506 F.3d 22, 27 (1st Cir. 2007), except in the unusual case where the complaint itself points to another explanation that is so obviously correct as to render the charge of improper motivation implausible, see, e.g., Air Sunshine, Inc., 663 F.3d at 36-37.

This case, however, presents us with the unusual situation in which Maloy has agreed that the court should consider not only the allegations of her complaint but also the Board's denial letter posing an alternative, non-actionable reason for the denial of her application--a lack of timeliness--along with a public notice that set the deadline of February 26 and thereby supports the Board's explanation. The district court assumed that the denial letter was not merely an authentic copy of what the Board sent to Maloy, but that it also accurately conveyed the true, non-retaliatory reason that the Board denied Maloy's application. In so assuming, the district court erred because the allegations made by Maloy plausibly allow for the possibility that the Board's claimed reason for denying her application was pretextual.

Maloy specifically alleged that other applicants received licenses despite not satisfying the February 26 deadline. The Board's letter to Maloy and the public notice contain no basis for finding that the Board lacked discretion in applying that deadline.

<u>Cf.</u> <u>Travers</u> v. <u>Flight Servs. & Sys., Inc.</u>, 737 F.3d 144, 148 (1st Cir. 2013) (finding that a reasonable jury could doubt an employer's proffered reason for firing an employee in part because company policy left "room for judgment and discretion"). On the contrary, the applicable regulations expressly anticipated the filing of materials in support of an application even after the hearing. Moreover, if the reason for denial was a lack of timeliness, that reason was readily apparent even before the Board met. Yet, at the hearing, the Board entertained Maloy's application and her appearance, as well as, she alleged, tardy applications from others. The Board apparently did not provide any indication that the deadline barred Maloy's application until two months later, by which time it would have become apparent that, as Maloy alleges, she had otherwise complied with the requirements of the statute and the regulation. For pleading purposes, it therefore remains plausible that retaliatory animus was a substantial or motivating factor in the Board's ultimate decision. Whether the evidence will sustain this plausibility remains to be seen. For now we need only decide that Maloy has the right to proceed beyond the pleading stage.

In holding that Maloy may proceed with her claim that the Board retaliated against her by denying her application, we do not rule that Maloy may also proceed with two additional theories of liability that she presses on appeal. First, we reject Maloy's

alternative argument that the complaint plausibly alleges retaliation in the form of the Board's failure to give her personal notice of the application deadline and hearing.  Simply put, there is nothing in the rules or regulations that plausibly required the Board to figure out who might want to apply and send them personal notices, nor does the complaint allege that such notices were sent to anyone else prior to when Maloy herself received notice of the hearing on February 26, 2010.  We also reject Maloy's claim, presented at oral argument, that Díaz Ogando retaliated against her by telling her that the application required materials that Maloy argues were not in fact required.  Maloy did not so argue in opposing the motion to dismiss or in her brief on appeal.  See, e.g., Ortiz v. Gaston Cnty. Dyeing Mach. Co., 277 F.3d 594, 598 (1st Cir. 2002) ("[F]ailure to brief an argument will result in waiver for purposes of appeal.").

## IV. Conclusion

For the foregoing reasons, we vacate the district court's dismissal of Maloy's complaint and remand to the district court for further proceedings consistent with this opinion.  We award costs to the plaintiff.

So ordered.