# United States Court of Appeals
## For the First Circuit

No. 15-2306

COLLEGE HILL PROPERTIES, LLC; CARO STREET PROPERTIES, LLC; CLAY STREET PROPERTIES, LLC; PAUL F. GIORGIO; DIANA H. GIORGIO,

Plaintiffs, Appellants,

v.

CITY OF WORCESTER; DEPARTMENT OF BUILDING AND ZONING; DEPARTMENT OF HEALTH AND HOUSING INSPECTIONS; DEPARTMENT OF INSPECTIONAL SERVICES; BOARD OF PUBLIC HEALTH; WORCESTER POLICE DEPARTMENT; MICHAEL V. O'BRIEN, City Manager, in his official and individual capacities; BARBARA HALLER, City Councilor, in her official and individual capacities; JOHN R. KELLY, Commissioner of Building and Zoning, in his official and individual capacities; AMANDA M. WILSON, Director of Housing and Health Inspections, in her official and individual capacities; JOHN NORDBERG, Code Enforcement Officer and Housing and Health Inspector, in his official and individual capacities; JOHN CARLSON, Code Enforcement Officer and Housing and Health Inspector, in his official and individual capacities; GARY J. GEMME, Police Chief, in his official and individual capacities; JAMES SHUGRUE, Police Lieutenant, in his official and individual capacities,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Lynch, Kayatta, and Barron,
Circuit Judges.

Eric N. Stafford, with whom Jeffrey A. Denner and Jeffrey Denner Associates, PC were on brief, for appellants.

Kevin M. Gould, Assistant City Solicitor, with whom Wendy L. Quinn, Assistant City Solicitor, and David M. Moore, City Solicitor, were on brief, for appellees.

——————————

May 11, 2016

——————————

**LYNCH**, **Circuit Judge**.    Plaintiff-appellants College Hill Properties, LLC; Caro Street Properties, LLC; Clay Street Properties, LLC; Paul F. Giorgio; and Diana H. Giorgio (collectively "College Hill") appeal the district court's grant of the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  We affirm the district court's decision.

I.

Because College Hill appeals the dismissal of its claims under Federal Rule of Civil Procedure 12(b)(6), we state the facts as College Hill alleges them and draw reasonable inferences in its favor.  See Maloy v. Ballori-Lage, 744 F.3d 250, 251 (1st Cir. 2014); Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

The plaintiff-appellants are property owners who privately lease units in Worcester, Massachusetts, to students from the College of the Holy Cross ("Holy Cross").  They have brought this suit alleging that defendant City of Worcester ("Worcester"), through its zoning and code enforcement officials and entities, engaged in a nefarious scheme, starting in 2009, to selectively enforce the Worcester Zoning Ordinance and the state Lodging House Act, Mass. Gen. Laws ch. 140, §§ 22-32.  This enforcement caused College Hill to reduce the number of tenants per unit from four to three.  The alleged purpose of this selective enforcement was to pressure Holy Cross to make voluntary payments

- 3 -

in lieu of property taxes to Worcester -- presumably because of the pressure from reduced student housing, though that is unclear.

College Hill resisted Worcester's effort in two ways. First, after Worcester obtained an injunction in the Massachusetts Housing Court Department ("Housing Court") against College Hill for violations of the Lodging House Act, College Hill appealed to the Massachusetts Appeals Court and then the Massachusetts Supreme Judicial Court ("SJC"). College Hill maintained that the Lodging House Act did not apply to its units. Although College Hill lost before the Housing Court and the Appeals Court, the SJC ultimately held that the Lodging House Act did not apply to College Hill's properties. City of Worcester v. Coll. Hill Props., LLC, 987 N.E.2d 1236, 1240 (Mass. 2013).

Then, in 2014, College Hill filed this complaint in the state Superior Court against the City of Worcester, a number of its departments, and various officials. The complaint, brought pursuant to 42 U.S.C. § 1983, alleged: (1) a regulatory taking without just compensation in violation of the Fifth and Fourteenth Amendments; (2) a substantive due process violation; and (3) selective enforcement and disparate treatment in violation of the plaintiffs' equal protection rights. College Hill also alleged violations of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H-11I. The defendants removed the case to the federal district court in Massachusetts on January 9, 2015. On February

9, 2015, the defendants filed a motion to dismiss for failure to state a claim, arguing, inter alia, that the plaintiffs' claims are time-barred by the applicable three-year statute of limitations, as the complained-of actions dated back to 2009 and 2010; that the complaint failed to make plausible claims against the defendants; and that "the [d]efendants are entitled to qualified immunity from liability for the alleged federal civil rights violations." The district court granted the motion on September 30, 2015. Coll. Hill Props., LLC v. City of Worcester, No. 15-40009, 2015 WL 5737147 (D. Mass. Sept. 30, 2015). This appeal followed.

## II.

"We review the District Court's dismissal for failure to state a claim de novo." Saldivar v. Racine, No. 15-1448, 2016 WL 1169397, at *2 (1st Cir. Mar. 25, 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The district court, in a well-reasoned opinion, held that College Hill's regulatory taking claim was barred based on

College Hill's failure to fulfill the ripeness requirement. College Hill does not develop a challenge to this conclusion on appeal, so any challenge is waived.  See Negrón-Almeda v. Santiago, 528 F.3d 15, 25 (1st Cir. 2008).

As to College Hill's 42 U.S.C. § 1983 claims based on substantive due process and equal protection violations as well as its claim that the defendants violated the Massachusetts Civil Rights Act, we summarily affirm the district court's grant of the defendants' motion to dismiss for the reasons stated in the district court's opinion.  See 1st Cir. R. 27.0(c).

## III.

The district court's order is affirmed.